## 47329. SMITH et al. v. BYESS.

EVANS, Judge. Randy Lynn Byess, as plaintiff, filed suit against Elbert Smith and B. R. Walker, as defendants, who filed an answer to said suit. Then, plaintiff's counsel served interrogatories on counsel for Elbert Smith, defendant, requiring answers thereto by February 27th; and on the date when answer was due the trial court

entered an order extending the time for an additional 15 days. Meantime, defendant's counsel served interrogatories on plaintiff's counsel, one hundred and twenty-six in number, requiring an answer within 15 days, which were by plaintiff properly and timely answered. At the expiration of the 15 days additional time granted by the court's order for defendant Smith to answer, plaintiff filed a motion to strike the defensive pleadings of both defendants, for failure to answer the interrogatories. A hearing was had, at which Elbert Smith's counsel filed an affidavit showing the attorney was not guilty of lack of diligence, but which offered nothing to justify or excuse the defendant's failure to answer. After argument of counsel for both parties, the trial judge granted an order striking the defensive pleadings of each of the defendants. *Held:*

1. The law authorizes the imposition of sanctions striking defendant's pleadings where the failure to answer the interrogatories is wilful, but there is no requirement of law that the court make a specific finding in his judgment that such failure to answer was wilful. *Code Ann.* §§ 81A-137 (d) and 81A-133. As the statute does not authorize such sanctions unless the conduct of defendant was wilful, it is therefore implicit in the judgment itself that the court made such finding. Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction (see *Code* § 38-114); and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding. *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476).

There was a duty on the part of defendant Smith to keep in touch with his attorney, so he might answer interrogatories or take such other action as his attorney might find necessary pending the litigation, especially as he himself served interrogatories on plaintiff during this identical period, requiring plaintiff to answer one hundred and twenty-six interrogatories. His failure to maintain such

contact amounts to "conscious indifference to consequences," which our courts equate with "wilful misconduct." *Frye v. Pyron,* 51 Ga. App. 613 (3) (181 SE 142); *King v. Smith,* 47 Ga. App. 360, 366 (170 SE 546); *Dixon v. Merry Bros. Brick &c. Co.,* 56 Ga. App. 626, 629 (193 SE 599). Where conduct is committed under such circumstances as to show a disregard for the rights of others, or an intention to set at defiance the legal rights of others, or the ordinary obligations of society, same constitute "reckless indifference to the rights of others . . . equivalent to an intentional violation of them." See *Charleston & W. C. R. Co. v. McElmurray,* 16 Ga. App. 504, 511 (85 SE 804). Here the defendant Smith's conduct in not answering, while requiring plaintiff to answer one hundred and twenty-six interrogatories, showed a blatant disregard for the rights of others, specifically the plaintiff.

The court was, therefore, authorized to impose sanctions striking the defensive pleadings of Elbert Smith, defendant.

2. However, the trial court erred in striking the answer of the defendant Walker, who was not involved in the failure of defendant Smith to file answers to interrogatories. No notice of interrogatories had been served on said defendant, and even though he might be adversely affected by the dismissal of his co-defendant's answer, his own answer should not have been stricken.

*Judgment reversed in part; affirmed in part. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 5, 1972—DECIDED SEPTEMBER 5, 1972.

*Frank Love, Jr., James Patrick Cooney,* for appellants. *Tyson E. Baisden, Jr.;* for appellee.