## 48608. CARTER v. MERRILL LYNCH, PIERCE, FENNER & SMITH.

Pannell, Judge. 1. Paragraph (d) of Section 37 of the Civil Practice

Act, as last amended by Section 10 of the Act of 1972, pp. 510, 530 (Code Ann. § 81A-137 (d)) provides that: "If a party . . . fails (1) to appear before the officer who is to take his deposition, after being served with proper notice, . . . the court in which such action is pending on motion may make such orders in regard to the failure as are just, and, among others, it may take any action authorized under subparagraphs (A), (B) and (C) of paragraph (b) (2) of this Section," which subparagraph (C) provides as a sanction "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Accordingly, an order dismissing an answer of a defendant and rendering against him a judgment as if in default is authorized without a prior order. See *Bratten Apparel, Inc. v. Lyons Textile Mills, Inc.,* 129 Ga. App. 384 (1) (199 SE2d 632), which distinguished the late filing of answers to interrogatories and the complete failure to file, holding that where there is the complete failure, as the failure to appear here for depositions, a failure to comply with a prior order is not essential to the imposition of sanctions. See in this connection, comments in 4A Moore's Federal Practice (2d Ed.), as to the changes made in paragraph (d) of Rule 37 of the Federal Rules by an amendment of 1970, which was substantially adopted as changes in our rules by the Act of 1972, supra; also Vol. 4A, 37-49, Note 3; Id., 37-50, n. 1 and text; Id. 37-85 where it is stated: "Subdivision (d) of Rule 37 deals with situations in which the sanctions for failure to make discovery provided for in subdivision (b) may be applied by the court on motion of the party seeking discovery without first ordering compliance."

2. Service upon a party of a notice of taking the deposition of a party shall be made upon his attorney, if he has one, unless service upon the party himself is ordered by the court. Section 5, Par. (b) of the Civil Practice Act (Code Ann. § 81A-105 (b)).

3. Where, as in the present case, a proper notice of intent to take the deposition of the defendant was served upon his attorney, who one day prior to the time set for taking the deposition informed attorney for plaintiff he had been unable to contact his client, the defendant, and defendant failed to appear for the taking of his deposition, and plaintiff thereafter filed a motion to impose sanctions under Section 37 of the Civil Practice Act

(Code Ann. § 81A-137) the allegations of which were sworn to and the motion was duly served upon defendant's attorney, who answered that the attorney had not been able to contact the defendant, although he had made diligent effort to do so, and the attorney swore to the truth of the answer, and upon the hearing thereon neither the defendant nor his attorney appeared, we cannot say there was error in the trial judge finding that the failure of the defendant to maintain contact with his attorney about the pending litigation and his failure to appear for the taking of his deposition was wilful misconduct and in imposing the sanction of a judgment against defendant for the sums sued for. "There was a duty on the part of defendant . . . to keep in touch with his attorney, so he might answer interrogatories or take such other action as his attorney might find necessary pending the litigation, . . . His failure to maintain such contact amounts to 'conscious indifference to consequence,' which our courts equate with 'wilful misconduct.' *Frye v. Pyron,* 51 Ga. App. 613 (3) (181 SE 142); *King v. Smith,* 47 Ga. App. 360, 366 (170 SE 546); *Dixon v. Merry Bros. Brick &c. Co.,* 56 Ga. App. 626, 629 (193 SE 599)." *Smith v. Byess,* 127 Ga. App. 39, 40 (192 SE2d 552). *Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 6, 1973 — DECIDED JANUARY 7, 1974.

*William F. Woods,* for appellant.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Paul W. Stivers, Richard H. Sinkfield,* for appellee.