29616. SWINDELL v. SWINDELL et al.

NICHOLS, Chief Justice.

This is an appeal from an order striking appellant's defenses and rendering a default judgment for failure to comply with an order directing him to answer interrogatories.

Appellee Mary L. Swindell brought this action against her former husband, Henry R. Swindell, and against appellant James A. Swindell and others for an accounting and to set aside various transfers of notes and a security deed. The complaint alleged that Henry R. Swindell had transferred his interests in the notes and security deed to appellant in an effort to defeat appellee's rights in a divorce and alimony decree, affirmed by this court in *Swindell v. Swindell,* 231 Ga. 167 (200 SE2d 736).

Appellee served interrogatories upon appellant's attorney on August 7, 1974. No answers having been served within the 30-day period prescribed by Code Ann. § 81A-133 (a), appellee voluntarily granted a seven-day extension. On September 17, appellee filed a motion to compel answers, and, after a hearing held September 25, the trial court ordered appellant to answer the interrogatories within 10 days. On October 8 appellee filed a motion for sanctions for appellant's failure to comply with the order compelling answers. Appellant served answers on October 11.

After a hearing on the motion for sanctions the trial court ordered that appellant's defenses be stricken and that default judgment be entered. The appeal is from this order.

1. There being no orders of the trial court directing that service of appellee's interrogatories and motions be made upon appellant himself, service upon his trial counsel was proper. Code Ann. § 81A-105; *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (2) (203 SE2d 766).

2. Appellant contends that his failure to comply with the trial court's order compelling him to serve answers was not wilful and that the harsh sanctions of default and striking of pleadings therefore are not authorized.

Section 37 (b) (2) of the Civil Practice Act (Code Ann. § 81A-137 (b) (2)), as amended by Ga. L. 1972, pp. 510, 530, now provides that where a party fails to obey an order to provide or permit discovery, "the court in which the action is pending may make such orders in regard to the failure as are just," and, among others, may enter "(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." The language of this paragraph is essentially the same as it was prior to amendment in 1972. One notable exception is that the word "failure" replaced the word "refusal" as it appeared in the former paragraph. Prior to amendment, the paragraph had been construed as requiring a showing of wilfulness before the harsh sanctions of subparagraph (b) (2) (C) could be imposed.

See *Maxey v. Covington,* 126 Ga. App. 197, 199 (190 SE2d 448). This comported with the construction given former Rule 37 (b) (2) of the Federal Rules of Civil Procedure, the language of which, prior to amendment in 1970, was identical to that of former Code Ann. § 81A-137 (b) (2). See Societe Internationale v. Rogers, 357 U. S. 197 (78 SC 1087, 2 LE2d 1255); Anderson v. Mosser, 438 F2d 183 (5th Cir. 1971); Dorsey v. Academy Moving &c., 423 F2d 858 (5th Cir. 1970).

The 1970 amendment to Federal Rule 37 (b) (2) is identical to the 1972 amendment to Code Ann. § 81A-137 (b) (2) supra. It is instructive, therefore, that the Advisory Committee note on the amendment to Rule 37 (b) (2) indicated that substitution of the word "failure" for the word "refusal" was not intended to change the construction of the rule relating to a showing of wilfulness as a predicate to imposition of the harsher sanctions. 4A Moore's Federal Practice § 37.01[6]. See also General Dynamics Corp. v. Selb Mfg. Co., 481 F2d 1204 (8th Cir. 1973). Similarly, there is nothing in the amendment to Code Ann. § 81A-137 (b) (2) to suggest that the holding of *Maxey v. Covington,* supra, is no longer valid. The rule announced in that case properly reflects the statement of this court cautioning against the imposition of the harsher sanctions permitted by the statute. See *Mulholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194).

3. Appellee's motion for sanctions did not specifically allege that appellant's failure to comply with the order compelling answers was wilful. However, the trial court found in its order striking defenses and entering default judgment that the evidence at the hearing on the motion "reflected at best a conscious indifference to the consequences of failure to comply with the Orders of this Court." Such a finding has been equated with "wilful misconduct." See *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (3) supra; *Smith v. Byess,* 127 Ga. App. 39 (1) (192 SE2d 552).

The evidence adduced at the hearing on the motion for sanctions primarily concerned events transpiring after the issuance of the order compelling answers within 10 days. The evidence showed that on the day the order issued appellant telephoned his trial counsel from Florida

requesting that he send a certain "paper" needed to complete the answers and assuring his counsel that answers would be sent by return mail. His Florida attorney then advised him that he would need more information from his accountant in order to complete the answers. The accountant by this time, however, had left for a vacation. Appellant then called his trial counsel to notify him of the accountant's absence, and his trial counsel advised him to send answers based on whatever information he had. Six days after the expiration of the 10-day period the answers were filed.

This evidence, standing alone, does not show that appellant's failure to comply within the 10-day period was wilful. However, where a motion for sanctions is brought under Code Ann. § 81A-137 (b) (2) for a party's failure to comply with an order compelling answers, the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with "conscious indifference to the consequences of failure to comply" with the order compelling answers.

The present record shows that answers were not served until 65 days after the interrogatories were served, well beyond the 30-day period prescribed in Code Ann. § 81A-133 (a). The record indicates that appellant had been on vacation and had failed to communicate with his trial counsel until the order compelling answers issued, and it was not until then that he began to make a diligent effort to finally complete and file answers. There was, therefore, some evidence upon which the trial court's finding was based, and it did not abuse its discretion in striking defenses and entering default judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED FEBRUARY 25, 1975.

*Edward Parrish,* for appellant.

*Snow & Campbell, Knight, Perry & Franklin, Jack Knight,* for appellees.