## 50326. STA-POWER INDUSTRIES, INC. et al. v. AVANT et al.
## 50327. NOCERA et al. v. AVANT et al.

ARGUED MARCH 10, 1975 — DECIDED MAY 2, 1975 — REHEARING DENIED JUNE 5, 1975 —

*Roberts O. Bennett, Ben F. Johnson, III,* for Sta-Power Industries, Inc. et al.

*Alston, Miller & Gaines, Ben F. Johnson, III,* for R. R. Nocera et al.

*Murray Z. Kahn, John A. Ford, Roberts O. Bennett,* for appellees.

QUILLIAN, Judge.

This is an appeal by defendants from an order of the trial court determining this action is maintainable as a "class action" under Code Ann. § 81A-123. Defendants Nocera, Alexander, and Skvaril separately appeal from an order titled "Judgment as to Liability" entered against them by the court in response to a motion by plaintiffs for imposition of sanctions for failure of these particular

defendants to comply with an order of the court compelling them to answer, on or before March 12, 1974, interrogatories served on each of them November 21, 1973.

Defendants Nocera, Alexander, and Skvaril have combined their briefs as to a companion case, *Nocera v. Avant* (50327), and we shall do the same with our decision. After imposition of default judgment against defendants Nocera, Alexander, and Skvaril, on May 29, 1974, for failing to answer interrogatories and to comply with an order of the court compelling them to answer, and thereafter overruling a motion to vacate or revoke judgment, the court issued an order on October 14, 1974, permitting the addition of nine intervenor plaintiffs. Defendants Nocera, Alexander, and Skvaril appeal from this order permitting addition of plaintiffs after judgment as to liability. *Held:*

■ Plaintiff's complaint alleges that these nonresident defendant corporations and their officers were selling, in Georgia, "distributorship agreements to the Plaintiffs and numerous other persons in violation of Georgia Code Sections 97-102 (i) and 97-104." Their affidavit contended defendants violated the Georgia Securities Act "by selling unregistered securities. . . the distributor agreements . . ." which constituted "a 'pyramiding' scheme" whereby purchasers of certain distributorships received compensation for recruiting other distributors who were required to maintain minimum inventory levels, pay training fees, monthly dues, and other charges. Defendants assert that this type action is not appropriate under Code Ann. § 81A-123 as a "class action" because: (1) the alleged class is insufficiently numerous as to require representation by class action plaintiffs; (2) antagonism or divergence of interests exists among plaintiffs; (3) common questions of law do not predominate; and (4) the claims are not "several . . . which may affect specific property involved in the action."

Since there are only a few definitive holdings in Georgia on this particular section of the Civil Practice Act, we also look to federal cases to aid us. *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260). Although

defendants denied their acts violated the Georgia securities law, in determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of Code Ann. § 81A-123 (a) have been met. Eisen v. Carlisle and Jacquelin, 417 U. S. 156 (1974). We find those requisites have been established. Our statute permits that one or more persons, as will fairly insure adequate representation of all of the class, may sue when the character of the right to be enforced is joint, or common, or several if the claims affect specific property involved in the action. A secondary right of action, which is permissible as a class action, is not relevant to this case.

Plaintiffs contend the distributorships purchased by them are "unregistered securities" which were executed on a "standard printed form." A class action on behalf of purchasers of securities alleged to have been defrauded by a common course of dealing on the part of the defendants satisfies the requisites of Rule 23 (a) (Code Ann. § 81A-123 (a)). Harris v. Palm Springs Alpine Estates, 329 F2d 909 (9th Cir. 1964). See also Green v. Wolf Corp., 406 F2d 291 (2d Cir. 1968). Cases involving franchises have been approved as class actions where the same licensing agreement was used. McMackin v. Schwinn Bicycle Co., 16 FR Serv2d 1005 (1972); Siegal v. Chicken Delight, Inc., 271 FSupp. 722 (ND Cal. 1967). Courts have also held that actions on behalf of defrauded securities purchasers present a particularly desirable situation for a class action. Dolgow v. Anderson, 43 FRD 472 (ED NY 1968). Common questions of law and fact predominate, as in the instant case, when action is brought on behalf of purchasers of agreements from a common source, the character of the right sought to be enforced is common, and common relief is sought. *Georgia Investment Co. v. Norman,* 229 Ga. 160 (190 SE2d 48); McMackin v. Schwinn Bicycle Co., supra. Minor variations in amount of damages, or location within the state, do not destroy the class when the legal issues are common. Gaines v. Budget Rent-A-Car of America, 16 FR Serv2d 60 (1972). Defendant's objection to the size of the class is not meritorious. They have provided the court with the names

of 253 persons within the State of Georgia who purchased distributor agreements from Sta-Power. Class actions have been approved by courts involving as few as 25 (Philadelphia Elec. Co. v. Anaconda Am. Brass Co., 43 F. R. D. 452 (1968)); 35 (Fidelis Corp. v. Litton Ind., Inc., 293 FSupp. 164 (SD NY 1968)); and 40 (Swanson v. American Consumer Industries, Inc., 415 F2d 1326 (7th Cir. 1969)) persons in the class. We find that the class is sufficiently numerous as to make it impractical to bring them all before the court, that the common questions of law and fact predominate over the issues as to any individual, that there are no major antagonistic or divergent interests, and the claims of the class are directed in part toward specific property of defendants in the possession of the class as a whole as a result of compliance with the distributor agreements. Succinctly stated, this action is properly placed under Code Ann. § 81A-123.

■ Defendants Nocera, Alexander and Skvaril, separately appeal from an order imposing "Judgment As To Liability" as a sanction for their failure to answer interrogatories served upon them by mail, in California, on November 21, 1973, and their failure to comply with an order of the court, dated February 15, 1974, compelling them to answer the same interrogatories on or before March 12, 1974. The order imposing the authorized sanction of default judgment was entered, after a hearing, on May 29, 1974. Defendants were officers of Sta-Power — the chairman of the board, president and the person "in charge of the legal department," respectively. Suit had been instituted on March 23, 1973 and defendants Nocera and Alexander terminated their connection with Sta-Power in July, 1973 and defendant Skvaril was discharged December 10, 1973 — after receipt of the interrogatories. All defendants had been served personally with original service in April, 1973. Counsel for defendants in Georgia had withdrawn on July 27, 1973 and local counsel did not make another appearance until December 3, 1973 but their notice to the court was dated November 30, 1973 — the date counsel for plaintiffs stated in an affidavit filed with the court that he "reviewed all discovery actions with Mr. S... [new counsel for defendants] and told him about the delinquency of

Sta-Power with respect to non-compliance with the Court Orders." Defendants Nocera and Alexander claim that they were not advised of these interrogatories until June 1, 1974. They stated that the California counsel for Sta-Power was aware of their address but they were never notified of these developments.

Defendants appeal on three grounds as to this enumeration of error: (1) the ultimate sanction of default judgment cannot be invoked except in the most flagrant cases where the failure is wilful, in bad faith, or in conscious disregard of an order; (2) the judge made no specific finding of wilfulness in his order, and (3) if he had done so it would have been an abuse of discretion. These defendants were personally served with notice of this suit. They had California and Georgia counsel. Although they were without local counsel when these interrogatories were mailed to the address filed by their counsel with the trial court, local counsel were acting in a representative capacity within 10 days after the interrogatories were mailed, and throughout the remainder of the 30-day statutory period to answer the interrogatories, the motion to compel answers, and the hearing imposing sanctions.

A defendant is under a duty to keep in touch with his attorney so that he can answer interrogatories or take any other action his attorney might find necessary pending litigation. *Smith v. Byess,* 127 Ga. App. 39 (192 SE2d 552); *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (203 SE2d 766). His failure to maintain such contact amounts to "conscious indifference to consequence" which our courts equate with "wilful misconduct." *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* supra, 524. While at first glance it may appear inequitable to hold a defendant to this standard, he had notice of the original action, the interrogatories were mailed to the address provided by his counsel, and the ultimate responsibility for his defense is on the defendant. He may authorize his attorney to act for him but he cannot transfer his responsibility to act. Defendants' failure to maintain contact with their lawyers is the reason for noncompliance with the filing of answers to the interrogatories and the court order. Such failure amounts to "wilful misconduct" and is sufficient to support the

determination of a trial court to impose sanctions authorized by the Code. Accordingly, the sanction of default judgment would be authorized under the facts of this case and it would not be an abuse of discretion of the judge to impose default judgment.

Now we turn to the issue of whether the judge was required to recite a finding of wilfulness in his order. We hold that he was not. The original section of the Civil Practice Act which authorized sanctions, Code Ann. § 81A-137 (Ga. L. 1966, pp. 609, 650), provided, in part: "If any party . . . refuses to obey an order made under subdivision (a) . . . the court may make such orders in regard to the refusal as are just, and among others the following: (iii) An order . . . rendering a judgment by default against the disobedient party. . ." This statute was amended in 1972 (Ga. L. 1972, pp. 510, 530) to read, in pertinent part: "If a party or an officer . . . of a party . . . fails to obey an order . . . the court . . . may make such orders in regard to the failure as are just, and, among others. . . . (C) An order . . . rendering a judgment by default against the disobedient party . . ." The significant difference between these statutes is the substitution of the word "fails" for the word "refuse." The 1972 amendment by Georgia conformed our rule to the 1970 changes made to the Federal Rule of Civil Procedure 37 (b) (2). The Advisory Committee Note of 1970 to Amended Rule 37 pointed out that the Supreme Court, in Societe Internationale v. Rogers, 357 U. S. 197 (1958), concluded that the random use of the terms "failure" and "refusal" in the old Rule 37 in different places showed no design to use them with "consistently distinctive meanings" and that "refused" meant simply "a failure to comply, and that wilfulness was relevant only to the selection of sanctions, if any to be imposed." The substitution of "failure" for "refusal" throughout Rule 37 was intended to eliminate confusion and "bring the rule into harmony with the Societe Internationale decision." 4A Moore's Federal Practice 37-23, § 37.01[8]. The Georgia Supreme Court, in *Swindell v. Swindell,* 233 Ga. 854 (213 SE2d 697) discussed the revision of Code Ann. § 81A-137 (b) (2) and held that this change in wording "was not intended to change the construction of the rule relating to a *showing*

of wilfulness as a predicate to imposition of the harsher sanctions." (Emphasis supplied.) Accordingly, the change in the Georgia rule was also intended to conform the language to the Supreme Court's holding in Societe Internationale that "a failure to comply" is the only requisite for a violation and "wilfulness" is relevant only when *selecting* sanctions. Our Supreme Court, in *Swindell,* required only "a *showing* of wilfulness" as a predicate of default judgment. (Emphasis supplied.) There was a sufficient showing of wilfulness in the instant case even though the order did not recite a finding of wilfulness. Consequently, we have determined that neither the statute nor the Supreme Court's holding in *Swindell* requires a specific finding of wilfulness in the court order — only a showing of wilfulness in the record on the transcript. Thus, the court order imposing an authorized sanction of default judgment is not fatally defective if it does not contain a recitation of wilful misconduct where there is an adequate showing of a failure to comply with a court order which equates to wilful misconduct.

■ After imposition of default judgment as a sanction for failing to answer interrogatories and to obey the order of the court compelling answers to interrogatories and overruling defendant's motion to vacate or revoke judgment on June 21, 1974, the trial court issued an order on October 14, 1974 permitting addition of nine intervenor plaintiffs to the original class action. Defendants appeal from this order contending it was contrary to law and prejudiced the adjudication of the rights of the original parties, contrary to Code Ann. § 81A-124. Intervention must be timely, whether asserted as a right or as a matter of discretion. Intervention after judgment is not usually permitted (Turner v. Willard, 157 FSupp. 451 (SD NY 1957)) and to justify it requires a strong showing. Smuck v. Hobson, 408 F2d 175 (DC Cir. 1969). The decision whether application for intervention is timely and the showing sufficient are matters within the sound discretion of the trial court. Smith Petroleum Service v. Monsanto Chemical Co., 420 F2d 1103 (5th Cir. 1970). The most important factor is whether intervention will prejudice existing parties in the case. See Code Ann. §

81A-124. Intervention may be allowed after final judgment to preserve some right which cannot otherwise be protected. United States v. Blue Chip Stamp Co., 272 FSupp. 432 (CD Cal. 1967), aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States, 389 U. S. 580 (1968). Addition of intervenors after decision by the United States Supreme Court has been approved where the applicant was so situated, as in our case, to be adversely affected by disposition of property under court control. Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U. S. 129 (1967).

The obvious reason for adding intervenor plaintiffs after default judgment was the failure of the defendants to comply with the motion for discovery of all members of the class served on defendants on May 24, 1973. A list purporting to be in compliance with the court order of July 10, 1973 was filed on July 27, 1973. Intervenor plaintiffs from that list were added on two occasions before default judgment was rendered. Plaintiffs filed another motion to compel discovery of the entire class and the court issued a second order October 8, 1973. The complete list of the remainder of the class was filed with the court April 1, 1974 — more than eight months after the original court order compelling discovery. If defendants had complied fully with the original court order the intervenor plaintiffs added after judgment would have had an opportunity to file before judgment was entered. Where intervenor plaintiffs have not been properly represented in the original action, they may be added after judgment. Smuck v. Hobson, 408 F2d 175, supra. In a class action, where discovery of all persons in the class is required to be made of defendant, and discovery is unduly delayed by failure of defendant to comply with an order of the court, addition of intervenor plaintiffs, after imposition of authorized sanction of default judgment, is authorized in the discretion of the trial court.

■ The record is not supported by a transcript. A reporter was present for the hearing of July 10, 1973 but his notes were lost and the trial court ordered the appeal to proceed without a transcript. We find no error. The record before us is sufficient to pass on the merits of all enumerations of error. *Interstate Financial Corp. v. Appel,*

233 Ga. 649 (212 SE2d 821).
*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*