50713. SHANNON COMPANY, INC. v. HENEVELD et al.

ARGUED MAY 21, 1975 — DECIDED APRIL 29, 1976 —
REHEARING DENIED MAY 24, 1976 —

*Skinner, Wilson, Beals & Strickland, Warner R.
Wilson, Jr., Earl B. Benson, Jr.,* for appellant.

*Rolader, Barham, Davis, Graham & McEvoy, D. W.
Rolader, Lawrence J. McEvoy, Jr.,* for appellees.

DEEN, Presiding Judge.

■ The granting of judgment as by default against the defendant for failure to obey an order of the court, which is the subject of this appeal, was proper under the rulings in *Swindell v. Swindell,* 233 Ga. 854 (213 SE2d 697). In *Swindell* the plaintiff requested answers to interrogatories under Code § 81A-133; here the plaintiff requested production of documents for copying under Code § 81A-134. The sanctions for failure to comply are in both cases controlled by Code § 81A-137. In *Swindell,* after service of the request, defendant received one

extension of time giving a total of 37 days; on motion an order to compel production was issued 11 days thereafter and granted 10 additional days for compliance; on motion for sanctions the judgment by default was entered 19 days thereafter, although answers had actually been filed after the expiration of the 10-day grace period but before the final order. This was a total of 65 days between request and answer and was held a sufficient predicate on which to base a finding of wilfulness.

In this case answers were never filed. In both cases there was a contention that the defendant did not have personal knowledge of the order, but *Swindell* held that there being no court order directing service on the defendant, service upon his attorney was adequate. In this case as in *Swindell* there was service on the attorney. Whereas *Swindell* took 65 days between request and compliance, here there was no attempt at compliance at any time and 112 days elapsed between request and final order. Whereas in *Swindell* one extension of time of seven days was allowed on request, here three requests for extension were granted totaling 33 days. The last of these extensions having been obtained personally by the president of the corporate defendant, it is clear that this case differs from *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909), where the defendant had no actual notice of the taking of depositions.

Between the order to compel and compliance in *Swindell,* 16 days elapsed. Here, order to compel granted the defendant 17 further days to comply; between that order and the default judgment another 19 days intervened. Further, the order to compel production in *Swindell* did not in express terms notify the defendant that failure to comply would result in striking his pleadings and entering judgment against him; here the order to compel so notified him, and not until two days after its expiration was final judgment entered. At no time during the total period of 112 days did the defendant attempt to comply, to object, or to show any reason why the previously stated sanctions should not be imposed.

*Swindell v. Swindell,* 233 Ga., supra, p. 857, in reaching its decision, approves *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448) but holds that "the existence

or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of [the request] and ending with service of answers," or, as here where no answer was ever filed, ending with the final order imposing sanctions.

The only distinction between the factual posture of the cases lies in the fact that in *Swindell* there was a hearing on imposition of sanctions after the answers had been filed. Here the September 20 order informed the defendant that if he did not comply by October 7 the defenses would be dismissed and judgment rendered. There was no objection to that order, no attempt at compliance, and no reasonable excuse for failure to comply. The defendant therefore did have notice, and if he desired to be heard further he should have taken some step toward that end. The judgment was not under these circumstances an abuse of discretion.

Further, the motion to vacate and set aside the default judgment which is the subject of the single enumeration of error was filed in the Civil Court of Fulton County on December 20, 1974, at the second term after the judgment was entered. That motion urged three reasons for vacating the judgment: (1) The defendant did not receive notice of the September 20 order compelling production until after October 7, the date set therein. (2) Immediately on receipt of such notice, on October 9, it wrote plaintiffs' attorney, stating, among other things that "we will be most happy to produce all the information you requested at your convenience." (3) At the time of the final judgment, it was not represented by counsel.

Why the defendant did not have available counsel on October 9 does not appear. The letter expressing an agreement to produce documents refers only to a letter from the defendant's counsel "concerning a meeting" [or "a requested meeting] in your office." The September 20 court order was in fact served on such counsel, which under *Swindell* was a sufficient service. Prior to the decision on the motion to vacate, the court heard from counsel for both sides, and additionally considered depositions of both parties taken between the final judgment and the motion to vacate, and then made a

specific finding that "ample and repeated notice was given to the defendant before the judgment was entered." This is supported in part by the deposition of the defendant's president, who did not deny prior receipt of the motion to compel production setting the hearing for September 20, and was extremely vague over whether his counsel had withdrawn from the case on that date. After this withdrawal, whenever it was, he stated that "I did not employ further counsel and the next thing I knew I had a default judgment against me." There is accordingly some evidence from the defendant officer himself that, with knowledge of the rule nisi, he made no effort to obtain other representation or to attempt compliance, but simply ignored the order. There was a sufficient basis for a finding of both actual notice and wilful noncompliance.

■ It is also contended that the default judgment as to amount is illegal because the damages are unliquidated. If this is true, the amount of damages is for the jury to decide. Code § 81A-155 (a). Damages are unliquidated only when they "are uncertain in quantity, and can not be made certain except by accord or verdict." *Henderson v. American Hat Mfg. Co.,* 57 Ga. App. 10, 14 (194 SE 254). Count 1 of the petition alleges that the parties entered into a contract and trust agreement which allowed the defendant developer to sell off lots and "receive from a lot buyer a promissory note secured by a deed of trust for the balance of the purchase price and that the defendant corporation would pay to plaintiffs a prorated amount received by the defendant." Seven notes executed by defendant to plaintiffs under this contract are attached, are alleged to be unpaid, and the mathematical balance is the amount sued for. This is a liquidated amount. *Dixon v. Bond,* 18 Ga. App. 45 (4) (88 SE 825).

Count 2 alleges that the purchase price of the land was $100,000 at five percent interest, commencing October 5, 1972, that no interest had been received, and that the defendant therefore owes a stated sum of interest, mathematically computed. This, too, is a liquidated amount. *Strickland v. Citizens Nat. Bank,* 15 Ga. App. 464 (3) (83 SE 883).

Count 3 alleges that plaintiffs sold the defendant certain described lands for the price of $100,000 on

December 30, 1968, and, simultaneously with a contemporaneous trust agreement, conveyed the property to the purchaser with power of disposal in the latter; the defendant has received over 85 percent of the property, has paid $14,406.64, and refuses to pay the balance of the purchase price, for which this count seeks recovery. Neither the land conveyance nor the trust agreement is in the record. The rule in default cases is that, where judgment is sought based on a sum owing under a written contract, and the case goes into default, it will be assumed that the instrument conforms to the requirements of law, is in writing, and is unconditional. *Jones v. American Tire Co.,* 210 Ga. 497 (80 SE2d 682). Making these assumptions it is obvious that the balance of the purchase price is not unliquidated, but ascertainable by subtracting credits from the initial cost. The damages recoverable on the breach of such a contract, where title has been conveyed, is the balance of the purchase price. See *Wheeler v. Layman Foundation,* 188 Ga. 267 (4) (3 SE2d 645) where this rule was applied although title had not passed but the seller was entitled to price before the conveyance, and *Chastain v. Platt,* 166 Ga. 307 (2) (143 SE 378) where title did not pass but possession did. The measure of damages set out in *King v. Brice,* 145 Ga. 65 (3) (88 SE 960) is not applicable in an action for price. In that case the purchaser refused to perform; neither title nor possession changed hands, and the contract seller thereafter resold to a third person at a lesser figure and sought to recoup his loss from the original contracting party. None of the counts here involves recovery of unliquidated damages.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*