## 57723. McCANE et al. v. CAPPETT CORPORATION.

SMITH, Judge.

Appellant asserts that the trial court erred in striking his pleadings and entering a default judgment pursuant to CPA § 37(b)(2)(C)(Code Ann. § 81A-137 (b)(2)(C)). The entry of judgment against appellant was based upon a finding that appellant wilfully failed to attend a deposition as required by court order. This court must decide whether the trial court abused its discretion in entering judgment against appellant. We affirm.

1. Nothing in the record suggests that appellant was unaware of the trial court's order requiring him to attend a deposition at 12:00 noon on August 22, 1978. Nor is there any evidence which indicates that appellant made a good faith effort to comply with the order of the trial court. "The burden of showing harmful error is on the appellant, and this must be done by the record; it may not be done in an enumeration of error or by assertions appearing only in a brief . . ." *Continental Nut Co. v. Savannah Bank,* 142 Ga. App. 509, 513 (236 SE2d 501) (1977). We conclude that the trial court was authorized to find that appellant's failure to attend the deposition was wilful.

2. CPA § 37(b)(2) (Code Ann. § 81A-137(b) (2)) provides: "If a party . . . fails to obey an order to provide or permit discovery, including an order made under subsection (a) of this section . . . the court in which the action is pending may make such orders in regard to the failure as are just, and, among others, the following: . . .(C) An order. . . rendering a judgment by default against the disobedient party . . ." A showing of wilfulness is required in order to impose the sanction of default judgment upon a party. *Sta-Power Indus. v. Avant,* 134 Ga. App. 952 (216 SE2d 897) (1975). The trial court in the instant case found that appellant wilfully failed to attend a deposition as required by court order. There was some evidence upon which the trial court's finding was based, and it did not abuse its discretion in striking appellant's pleading and

entering a default judgment in favor of appellee. *Swindell v. Swindell,* 233 Ga. 854, 857 (213 SE2d 697) (1975).

3. The remaining enumerations of error are without merit.

4. We find further that this appeal was taken for delay only and the clerk is directed to enter ten percent damages upon the remittitur. Code Ann. § 6-1801.

*Judgment affirmed. Quillian, P. J., concurs. Birdsong, J., concurs in the judgment only.*

ARGUED APRIL 5, 1979 — DECIDED SEPTEMBER 20, 1979.

W. V. McCane, Jr., *pro se.*
*Anthony R. Claxton,* for appellee.