## 58281. THURMAN v. UNICURE, INC. et al.

UNDERWOOD, Judge.

This is an appeal by one of the defendants below from an order entered pursuant to Code Ann. § 81A-137 (b) (2) (C) imposing the sanction of striking his answer and defenses and entering judgment against him by default as to his liability. The order was based upon his "wilful failure to comply" with an order compelling discovery. Upon review of the record, authorities from other jurisdictions presented by counsel as well as Georgia authorities, we find that we must affirm.

1. The action is still pending below as to other defendants, and also as to this defendant with respect to damages. The trial court certified that the order imposing sanctions is of such importance to the case that immediate review should be had, and accordingly defendant filed with this court an application for immediate review pursuant to Code Ann. § 6-701 (a) 2. We denied the interlocutory appeal on April 24. Three days later defendant filed a notice of direct appeal from the order imposing sanctions, and although we have denied the appeal it is nevertheless here via certificate of the trial judge alone pursuant to CPA § 54 (b) (Code Ann. § 81A-154 (b)) that there is no just reason for delay and that final judgment as to liability is expressly entered against defendant Thurman. We are bound to entertain the appeal. *Thompson v. Clarkson Power Flow,* 149 Ga. App.

284 (254 SE2d 401) (1979), conforming to *Thompson v. Clarkson Power Flow,* 243 Ga. 140 (252 SE2d 512) (1979).

2. "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions [including sanctions] of the Civil Practice Act." *Williamson v. Lunsford,* 119 Ga. App. 240 (4, 5) (166 SE2d 622) (1969). Accord, *Houston Gen. Ins. Co. v. Stein Steel & Supply Co.,* 134 Ga. App. 624, 626 (2) (215 SE2d 511) (1975) and cits.

"[W]here a motion for sanctions is brought under Code Ann. § 81A-137 (b) (2) for a party's failure to comply with an order compelling answers, the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with 'conscious indifference to the consequences of failure to comply' with the order compelling answers." *Swindell v. Swindell,* 233 Ga. 854, 857 (3) (213 SE2d 697) (1975).

According to the record here, as of the date of the hearing on the motion for sanctions 257 days had elapsed from the date of service of plaintiff's first request for production of documents (compare 65 days in *Swindell*), and 139 days had elapsed from the entry of the order compelling such discovery. The request had been served upon attorney A, counsel of record for defendant, and 102 days later, no response having been made, plaintiff had moved for an order compelling discovery. Attorney A appeared at the hearing and stated he had no objection to the order, and the court ruled from the bench that he would enter an order that the request be complied with within 20 days. A copy of the order was mailed to attorney A who responded that it was his intention to withdraw, stating that attorney B would henceforth be representing defendant, and that "I will bring this to the immediate attention of my client and [attorney B] so that they can act on that immediately." Attorney A filed for attorney B,

who was a New York attorney, an application for special appearance as counsel, and plaintiff mailed to attorney B copies of the relevant papers and of the order compelling discovery, requesting that they be complied with and that failure to do so might result in the imposing of sanctions including the striking of pleadings and entering of default judgment. Attorney B responded that he could not handle the case, that he would so inform the judge, and that an Atlanta attorney would be obtained.

The record is devoid of any suggestion that defendant attempted to retain local counsel for more than three months after attorney A's withdrawal, and it is silent as to what efforts defendant made to maintain communication with Attorney A. His excuse for failing to comply was that he knew nothing of the discovery until he received the motion for sanctions, that he had been busy, and that he knew no Georgia attorneys.

"Failure to maintain contact and cooperate with counsel about the pending litigation so that discovery can be made is wilful misconduct." *Phillips v. Peachtree Housing,* 138 Ga. App. 596 (3) (226 SE2d 616) (1976) and cits. Accord, *Bell v. Kraftco Corp.,* 143 Ga. App. 221 (237 SE2d 708) (1977); *Sta-Power Industries v. Avant,* 134 Ga. App. 952 (216 SE2d 897) (1975). The result is the same even though the party may claim that it was *counsel* who failed to communicate with *him. Carter v. Merrill Lynch &c. Smith,* 130 Ga. App. 522 (3) (203 SE2d 766) (1974). As we said in *Sta-Power,* "[h]e may authorize his attorney to act for him but he cannot transfer his responsibility to act." 134 Ga. App. at 956.

We find no abuse of discretion and accordingly we affirm.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued September 24, 1979 — Decided October 22, 1979 —

*Richard L. Stumm, Lee Crawford,* for appellant.
*Charles H. Ivy, William L. Bost, Jr.,* for appellees.