64785. PORTER et al. v. EASTERN AIRLINES, INC.
64786. DEIN v. EASTERN AIRLINES, INC.

SOGNIER, Judge.
In separate complaints, Porter (by her next friend Dein) and Dein sued Eastern Air Lines, Inc. (Eastern) for loss of personal property. Pursuant to OCGA § 9-11-37 (formerly Code Ann. § 81A-137), the trial court dismissed the complaints for appellants' failure to answer Eastern's interrogatories. Porter and Dein appeal.

1. Appellants contend that the trial court erred in granting Eastern's motion to dismiss because appellants did not intentionally fail to comply with discovery. Appellants argue that they attempted to file their answers to the interrogatories propounded to them by Eastern within the time limit ordered by the trial court and that some of the answers to the interrogatories were given in a deposition by Dein.

On September 2, 1980 Eastern propounded and served its first interrogatories to Dein to which he responded on September 5, 1980. Eastern filed a motion to compel discovery on October 7, 1980 on the grounds that Dein's answers had been incomplete and unresponsive. No objections to the interrogatories were filed by Dein nor did he ask for a protective order under OCGA § 9-11-26 (c) (formerly Code Ann. § 81A-126 (c)). On June 1, 1981 Eastern filed another motion to compel. On July 14, 1981 Eastern propounded and served second interrogatories on Dein and first interrogatories on Dein as next friend to Porter. No responses were received and Eastern filed a motion to compel discovery in each case.

On November 17, 1981 the trial court issued orders in both cases which provided: first, that within 30 days Dein, as next friend of Porter, answer the July 14, 1981 interrogatories, and second, that Dein answer the July 14, 1981 interrogatories in his own case as well as provide full and complete answers to the September 2, 1980 interrogatories, specifically naming those interrogatories that had not been sufficiently answered.

On December 21, 1981 Eastern moved to dismiss the complaints for failure of appellants to comply with the trial court's orders of November 17, 1981 compelling responses to the interrogatories. On February 16, 1982 the trial court "wishing to give Plaintiff one more opportunity fully to comply with that Order, and to provide full, complete and comprehensive answers to the interrogatories," ordered Dein to comply with the November 17, 1981 order *prior* to March 1, 1982.

On March 1, 1982 Dein filed identical answers to the interrogatories in both cases despite the fact that the interrogatories propounded in the Porter case were different than those propounded in his own case. Eastern moved to dismiss the complaints with prejudice for failure of appellants to comply with the trial court's orders compelling discovery. After a hearing the motion was granted.

" 'The remedy available to a party whose discovery efforts are frustrated by his opponent's refusal to submit to discovery is contained in the two-step procedure of Code Ann. § 81A-137 [OCGA § 9-11-37]. First, a motion for (an) order compelling discovery must be made, heard and granted. The obstinate party is then afforded

another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the imposition of one or more of the sanctions set forth in Code Ann. § 81A-137 (b) (2) [OCGA § 9-11-37 (b) (2)].' *Savannah Surety Assoc., Inc. v. Master,* 240 Ga. 438, 440 (241 SE2d 192) (1978). 'In the case of interrogatories, the discovering party first serves the questions. (Cit.) The other party must respond or seek a protective order under Code Ann. § 81A-126 (c) [OCGA § 9-11-26 (c)]. If the party responds by serving answers, the discovering party must decide whether to accept the response or to move the court to compel discovery under (Code Ann. § 81A-137 (a)) [OCGA § 9-11-37 (a)]. At a hearing on this motion, the trial court may resolve any issues about the adequacy of the answers and the validity of the objections to them. If the answers are inadequate, the trial court may order more explicit answers. If this order is violated, (Code Ann. § 81A-137 (b)) [OCGA § 9-11-37 (b)] lists the sanctions which may be imposed by the trial court on motion by the non-offending party.' *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 438 (254 SE2d 825) (1979)." *Thornton v. Burson,* 151 Ga. App. 456, 458 (260 SE2d 388) (1979).

In the instant case Eastern moved for and was granted an order pursuant to OCGA § 9-11-37 (a) (formerly Code Ann. § 81A-137 (a)) compelling appellant to respond to the interrogatories. The question for review is whether appellee was entitled to the ultimate sanction of dismissal of appellants' complaints.

The drastic sanction of dismissal cannot be invoked under OCGA § 9-11-37 (formerly Code Ann. § 81A-137) except in the most flagrant cases — where the failure is wilful, in bad faith or *in conscious disregard of an order. Delta Equities v. Berry,* 127 Ga. App. 590, 591 (194 SE2d 284) (1972); *Thornton v. Burson,* supra at p. 459. In *Thornton,* this court reversed an order of default based upon failure to answer interrogatories. However, in *Thornton* the offending party attempted to respond to the interrogatories after the trial court ordered him to do so, and within the time limit imposed. Here, appellant Dein, as Porter's next friend, totally failed to respond to the interrogatories and the orders of the court prior to the March 1, 1982 deadline and Dein failed to complete his responses to the first interrogatories and failed to respond to the second interrogatories prior to the court ordered deadline.

Appellants argue that they attempted to file their answers prior to March 1, 1982 but that the clerk's office was closed due to inclement weather. There is absolutely no evidence in the record regarding the closing of the clerk's office on the date stated by appellants. In fact, appellants' certificate of service indicates that the answers to the interrogatories were served on appellee on March 1,

1982. Appellants further argue that the interrogatories were answered at a deposition taken of appellant Dein. Interrogatories served on a party must be answered by the party separately and fully in writing under oath. OCGA § 9-11-33 (a) (formerly Code Ann. § 81A-133 (a) (2)); *Gregory v. King Plumbing,* 127 Ga. App. 512 (194 SE2d 271) (1972).

Under the circumstances, and in view of the trial court's extraordinary tolerance in giving appellants an opportunity to respond to the interrogatories, we conclude that the trial court was authorized to dismiss appellants' complaints for wilful failure to comply with its orders. *McCane v. Cappett Corp.,* 151 Ga. App. 423 (260 SE2d 379) (1979). " 'The trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and this court will not interfere with the exercise of that discretion absent clear abuse.' *Dept. of Transp. v. Knight,* 143 Ga. App. 748, 752 (240 SE2d 90)." *Wetherington v. Koepenick & Horne,* 153 Ga. App. 302, 304 (265 SE2d 107) (1980); see also *Rucker v. Blakey,* 157 Ga. App. 615 (278 SE2d 158) (1981); *Massengale v. Ga. Power Co.,* 153 Ga. App. 476 (265 SE2d 830) (1980).

2. Appellants also contend that the trial court erred in failing to make findings of fact and conclusions of law in its order dismissing the complaints. ". . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Code Section 9-11-12 or 9-11-56 or any other motion except as provided in subsection (b) of Code Section 9-11-41." OCGA § 9-11-52 (a) (formerly Code Ann. § 81A-152 (a)). The instant cases do not fall within the exception provided for in CPA Rule 52 (a) as they were not judgments rendered by the court without a jury after presentation of evidence to the trier of fact. See *Wojcik Constr. Co. v. Schell's Concrete Co.,* 153 Ga. App. 793 (266 SE2d 569) (1980). The trial court's order imposing an authorized sanction of dismissal is not fatally defective if it does not contain a recitation of wilful misconduct where there is an adequate showing of a failure to comply with a court order which equates to wilful misconduct. *Sta-Power Indus. v. Avant,* 134 Ga. App. 952, 958 (216 SE2d 897) (1975). Thus, the trial court did not err in failing to make findings of fact and conclusions of law in its order granting appellee's motion to dismiss.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 18, 1983.

*Teddy R. Price,* for appellants.
*Michael V. Elsberry,* for appellee.