### 71832. HINEY v. BENNAMAN.
(341 SE2d 284)

BIRDSONG, Presiding Judge.

Plaintiff below, Thomas Hiney, appeals the refusal of the trial court to impose sanctions upon the defendant, John Bennaman, for a failure to respond timely and properly to his request for discovery. Hiney filed a complaint against Bennaman alleging the defendant

negligently permitted his automobile to drift back across the highway centerline as he was attempting to pass, thereby forcing Hiney to veer to the left side of the highway and into a bridge abutment. Bennaman answered and denied he was negligent and alleged the cause of the accident was the result of the negligence of the plaintiff.

The complaint was filed on March 12, 1984. On April 18, 1984, Hiney's counsel mailed interrogatories to the defendant. Counsel for defendant was a member of a Decatur, Georgia law firm which represented Bennaman's insurance carrier. Bennaman was a police officer in Franklin, Georgia. The interrogatories were forwarded to Bennaman by counsel on May 4 asking him to answer them fully and completely and if he had any questions to call his counsel in Decatur. Bennaman sought the assistance of a lawyer in Franklin, Dock Davis, whose office was next door to the police station. Davis was not retained or paid a fee by Bennaman, but merely assisted him. They had difficulty finding a time which was mutually agreeable to both because of their work and courtroom schedules, and 7-10 days elapsed before the interrogatories were answered. Davis phoned the answers to the Decatur lawyer who had them transcribed. Attempts were made unsuccessfully to call plaintiff's attorney, including calls to the phone listed in the State Bar Directory. Bennaman's counsel mailed a copy of the unsigned transcribed interrogatories to plaintiff's counsel and advised him in the letter about the difficulty in reaching him and told him his client had failed to return the verification and when it arrived it would be forwarded.

On May 25th, without contacting defendant's counsel either by phone or by mail, and without applying for an order compelling discovery under OCGA § 9-11-37 (a), plaintiff filed a motion for sanctions, requesting defendant's answer be stricken and default judgment entered. On May 29th, plaintiff's counsel received the answers to his interrogatories without the signature of the defendant and without verification. On June 5th, Bennaman went to Davis' office in Franklin and was sworn to the completed interrogatories. They were mailed to the Decatur counsel, and he, in turn, mailed them to the plaintiff's attorney. They were received on June 13, 1984, 56 days after the interrogatories were mailed.

A hearing was held on the motion on July 9, 1984, and the trial court found that defendant's attorney "was at all times after receipt of the interrogatories making some effort to secure the answers to the interrogatories." The court concluded that the earliest possible time plaintiff's case could have come on for trial was September 24, 1984, and "the delay in answering the interrogatories did not delay the trial of the case." The trial court found the delay by defendant's counsel was not wilful and the harsh sanction sought was not justified. Trial was held and it resulted in a jury verdict for the defendant. Plaintiff

brings this appeal. *Held*:

1. A party properly served interrogatories has a duty to respond (OCGA § 9-11-33 (a) (2)) and a court may impose sanctions for its violation. OCGA § 9-11-37 (b) & (d); *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (1) (254 SE2d 825). If the party totally fails to respond, sanctions can be imposed directly under Rule 37 (d) and an order under 37 (a) is not required. *Sneider v. English*, 129 Ga. App. 638, 639 (200 SE2d 469). In the instant case, plaintiff moved directly for the sanction of default judgment under Rule 37 (d) without requesting an order under 37 (a). Authorization of immediate sanctions under Rule 37 (d) "has been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' " *Mayer*, supra at 439. Stated differently, this court has held that "[a] showing of wilfulness is required in order to impose the sanction of default judgment upon a party." *McCane v. Cappett Corp.*, 151 Ga. App. 423 (2) (260 SE2d 379); accord *Swindell v. Swindell*, 233 Ga. 854, 856 (213 SE2d 697); *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158). Hence, the "drastic sanctions of dismissal and default cannot be invoked . . . except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order." *Thornton v. Burson*, 151 Ga. App. 456, 459 (260 SE2d 388); accord *Porter v. Eastern Airlines*, 165 Ga. App. 152, 154 (300 SE2d 525); *Delta Equities v. Berry*, 127 Ga. App. 590, 591 (194 SE2d 284).

A motion to apply sanctions under Rule 37 for failure to respond to interrogatories vests a broad discretion in the trial court to make such orders as are just. *Mayer*, supra, at 437; *Dept. of Transp. v. Knight*, 143 Ga. App. 748, 752 (240 SE2d 90). The trial court found an absence of wilfulness and refused to impose the sanction of default. Historically, it has been the policy of Georgia appellate courts to refuse to interfere with the exercise of a trial court's discretion in application of sanctions for violations of the rules regarding discovery except in cases of clear abuse. *Rucker*, supra at 616; accord *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (1) (306 SE2d 362); *Knight*, supra; *Merrill Lynch, Pierce, Fenner & Smith v. Echols*, 138 Ga. App. 593, 595 (226 SE2d 742). Not only does the evidence not demand a finding that there was a wilful failure to respond to the interrogatories, but to the contrary, the evidence shows the failure to comply was caused by counsel's being a considerable distance from his client, and the fact that his client's occupation was a hinderance to the completion of the interrogatories before another lawyer who had similar scheduling problems. See *Frady v. Irvin*, 245 Ga. 307, 308 (264 SE2d 866). The evidence supports the findings of the trial court, and we find no abuse of discretion.

2. Appellee has moved this court for an award of $500 in "attorney fees" to compensate him for expenses of this appeal which he

contends is frivolous. This motion is denied.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1986.

*Kenneth A. Smith*, for appellant.
*Jonathan C. Peters*, for appellee.