## 76289. WAITE v. HARVEY.
(370 SE2d 34)

POPE, Judge.

Plaintiff brings this appeal from the order of the trial court striking his medical malpractice complaint against defendant as sanction for wilful failure to respond to defendant's discovery requests and the court's previous order compelling the plaintiff to respond and pay attorney fees. The record shows defendant filed and properly served interrogatories and requests to produce documents on December 9, 1986. On June 19, 1987 defendant's attorneys wrote plaintiff's attorneys demanding a response to the earlier discovery, in compliance with Rule 6.4(B) of the Uniform State Court Rules. When plaintiff again failed to respond, defendant filed a motion to compel, which was granted August 28, 1987. When plaintiff failed to comply with the court's order, defendant filed a motion for sanctions requesting that plaintiff's complaint be stricken. After a hearing on the motion for sanctions, the court entered an order on September 29, 1987 in which it found, inter alia, "despite his counsel's repeated requests that he do so, plaintiff failed to provide information sufficient to answer and respond to defendant's interrogatories and request for production of

documents. . . ." The court concluded plaintiff's actions constituted wilful misconduct, ordered the complaint dismissed and assessed costs and $200 attorney fees against plaintiff.

Within thirty days after the order was entered, plaintiff filed a notice of appearance of new counsel. Plaintiff filed a motion for rehearing on defendant's motion for sanctions supported by plaintiff's affidavit attesting that in the first quarter of 1987 he received a copy of defendant's discovery from his attorneys, provided his attorneys with handwritten responses to the interrogatories, met with a paralegal employed by his attorneys to prepare responses to defendant's discovery requests, made himself available to his attorneys and never failed to provide his attorneys with any information sought by them. He claims he thought his attorneys had answered the discovery and he did not know the defendant's discovery had not been answered or that the court had issued an order compelling him to respond and pay attorney fees. Plaintiff also filed a motion, pursuant to OCGA § 5-6-39, for extension of time for filing a notice of appeal from the order dismissing the complaint. Said Code section permits the trial judge to grant such a motion without prior notice to the opposing party. However, the record in this case indicates the motion was neither granted nor denied. Without obtaining a ruling on the motion for extension of time, plaintiff filed his notice of appeal.

No transcript or other record of the hearing on defendant's motion for sanctions is contained within the record on appeal. Therefore, we must uphold the trial court's findings of fact. Failure to cooperate with counsel so that discovery can be made is wilful misconduct sufficient to support the imposition of the sanction of dismissal. See *Phillips v. Peachtree Housing*, 138 Ga. App. 596 (3) (226 SE2d 616) (1976). "The result is the same even though the party may claim that it was *counsel* who failed to communicate with *him. Carter v. Merrill Lynch &c. Smith*, 130 Ga. App. 522 (3) (203 SE2d 766) (1974)." *Thurman v. Unicure, Inc.*, 151 Ga. App. 880, 882 (261 SE2d 785) (1979). Both *Thurman* and *Carter* address the party's responsibility to take action to see that a response is made to discovery. However, on motion for rehearing, plaintiff offered evidence he had taken action to respond to his attorneys' requests for information and to see that defendant's discovery was answered. Although it was not properly authenticated by sworn affidavit, plaintiff attached to his motion documents which appear to be a draft of both an answer to defendant's interrogatories and a written response to defendant's request for production of documents. They appear to have been prepared by one of plaintiff's original attorneys of record and dated "This ___ day of January, 1987." Assuming they were properly sworn to by plaintiff, it is possible these responses could have been filed within the thirty days from the date the discovery requests were served, as required by

OCGA §§ 9-11-33 and 34, or at some other time prior to the filing of the motion for sanctions.

We remand this case to the trial court for action on plaintiff's motion for rehearing of defendant's motion for sanctions. On rehearing, the court may receive testimony or other evidence which plaintiff claims will contradict the evidence presented by his original attorneys at the first hearing. Upon the contradictory evidence, if it is in fact contradictory, the trial court may then base its findings of fact and conclusions of law regarding defendant's motion for sanctions. Defendant's prayer for imposition of sanctions pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment reversed and case remanded with instructions. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 27, 1988.

*Gregory E. Bennett*, for appellant.
*I. Gregory Hodges, Thomas A. Withers, William F. Braziel, Jr., Murl E. Geary, Wendy W. Williamson*, for appellee.