### 76319. COWLEY v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF WARNER ROBINS et al.
(370 SE2d 36)

BENHAM, Judge.

Appellee First Federal Savings and Loan Association of Warner Robins (First Federal) sued Cowley on his guaranty of a promissory note. The suit was initially filed on October 9, 1986, and Cowley was served on October 14. Cowley obtained First Federal's consent to three extensions of time to file his responsive pleadings, and as a result the time to answer was extended first to November 27, then to December 8, and finally to December 22, 1986. On that day, Cowley filed an answer and a third-party complaint impleading appellee Blanchard. In response to First Federal's and Blanchard's motions, the trial court ordered that Cowley's pleadings be stricken from the record and that judgments be entered against him for his failure to comply with First Federal's discovery requests. Cowley appeals the decision. We affirm.

On February 26, 1987, First Federal gave notice that Cowley's deposition would be taken and certain documents were requested to be produced on March 17, 1987. At the request of Cowley's counsel and by mutual agreement of counsel, the deposition date was postponed from March 17, and was tentatively scheduled for April 23.

That date was postponed at the request of Cowley's attorney, and May 6, 2:00 p.m., was set as a firm date for the discovery to take place. On that morning, Cowley's counsel notified First Federal's counsel that Cowley would not appear for the deposition because he had "boarded an airplane that morning to travel to California to undergo a medical examination." Counsel's response was that she intended to go forward with the deposition as scheduled, unless Cowley's attorney secured a protective order. An emergency hearing was held before the trial court, in which hearing Cowley's attorney sought a protective order for his client. The trial court granted Cowley's motion, and ordered that Cowley appear for the taking of his deposition at his attorney's office on May 20, 1987, at 10:00 a.m. On May 19, appellant's counsel called First Federal's attorney to confirm that his client was in better health and would appear for the deposition the next day. However, the next morning Cowley's counsel said Cowley was confined to bed with neck and head pain and his doctor had requested that his deposition not be taken. In spite of a postponement until 2:00 p.m. that day, appellant did not appear for the discovery as he had been previously ordered. A second protective order was issued after a second emergency hearing, and the trial court ordered Cowley to appear for his deposition on May 22. On that morning, Cowley's attorney again notified First Federal's attorney that Cowley was on his sickbed and would not appear, but that the attorney would not again seek a protective order. Counsel for both parties appeared for the taking of the deposition, but Cowley did not appear.

On June 9, 1987, First Federal moved for the imposition of sanctions against Cowley, specifically seeking that the trial court strike Cowley's responsive pleadings, pursuant to OCGA § 9-11-37 (d). Appellee Blanchard also moved for the imposition of such sanctions against Cowley. Cowley's response was essentially that his inability to appear for the various scheduled deposition times was due to his medical condition, a "chronic, degenerative cervical disk disease, . . . which rendered him immobile [from May 19, 1987] through and including May 26, 1987. . . ." He also took the position that the attorney representing him at that time did not notify him personally that the May 20 deposition had been rescheduled for May 22, but only attempted to notify appellant at his office. Cowley argues that since he was not present at his office but was ill at home, he was unaware of the new date, and that had he known of it he could have furnished the court with proof of his infirmity. Cowley cited his offer to First Federal's counsel on June 1 to pay for reasonable expenses incurred due to his failure to appear for the May 22 deposition as proof that his actions were not willful or in conscious disregard of the trial court's orders. The trial court found otherwise, concluding that Cowley's failure to appear on May 22 for his deposition "was both a delib-

erate and willful violation of this court's order of May 20, 1987"; ordered that appellant's pleadings be stricken from the record, and entered judgment in favor of First Federal and Blanchard and against Cowley on the complaint and third-party complaint respectively. On appeal, Cowley cites the imposition of those sanctions as error. We affirm.

" 'Under the discovery provisions of the Civil Practice Act, the trial judge is granted broad discretion. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of such discretion in absence of abuse. [Cit.]' " *Freeman v. Ripley*, 177 Ga. App. 522, 523 (339 SE2d 795) (1986). The facts of this case support the trial judge's decision to impose the sanctions under OCGA § 9-11-37 (d), appellant's contentions notwithstanding. Appellant's failure to maintain contact with counsel so that discovery could be made was willful misconduct in and of itself." *Thurman v. Unicure, Inc.*, 151 Ga. App. 880, 882 (261 SE2d 785) (1979); *Phillips v. Peachtree Housing*, 138 Ga. App. 596 (3) (226 SE2d 616) (1976). In the absence of the transcript of the hearing on First Federal's motion for sanctions indicating some other reasons for appellant's inaction, we decline to reverse the trial court. Nor are we persuaded by appellant's argument that the motion should not have been granted as to the third-party defendant, Blanchard. The discovery sought by First Federal was relevant to the case as a whole, and Blanchard made the appropriate motion for sanctions when the discovery was not forthcoming, just as First Federal did. "All that is required is a motion, notice and a hearing." *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). Those requirements having been satisfied as to all of the parties, the sanctions were properly imposed. We find no abuse of discretion on the part of the trial court.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 27, 1988.

*John F. Doran, Jr.*, for appellant.
*Susan L. Howick, Steven W. Ludwick, Timothy R. Brennan*, for appellees.