The Chief Justice
delivered the opinion of the court.
This is an appeal from a judgment for the plaintiff, in an action of detinue for a slave.
Two questions are made by the assignment of error:
1. Whether the circuit court erred in rejecting, as evidence, a copy of a petition and schedule of property, taken from the records of the high court of chancery of the state of Maryland, on the ground that the copy was not sufficiently authenticated.
2. Whether the court erred in refusing to grant a new trial.
The first question was no doubt decided correctly. The copy of the record in question was certified by the chanCellor, with the great seal of the state connected. This *68 would have been a sufficient authentication under the act of congress of 1804/ if the copy had been from the records of a public office not appertaining to a court; but the copy purporting to be from the records of proceedings of the high court of chancery, does not come within the provisions of that act, and consequently must be governed by the act of congress of 1790, which regulates the manner of authenticating the records and proceedings of the courts of any state, whereby they shall be proved or admitted in any other court within the United States: but no attended to in It was, there-one of the requisitions of that act has been the authentication of the copy in question, fore, properly rejected by the circuit court.
The authenticator of records of courts, must conform to the statute of 1790.
I.i detinue, if a witness describes a slave, & fixes fines límate of Kis value, the jury may fix a higher value than the witness esti-ma* es.
If the jury fix a higher value on a slave than the evidence s-rlcily justifies, it is not per sr a csu:;e tor a new trial.
If the jury return an imperfect VcT-dict,it isrighi t‘>r ti e:r\ to retire & cor-I'Cvl it.
We are also qf opinion, that the circuit court decided correctly in refusing to grant a new trial.
1st. that the The grounds relied on for a new trial are, value of the slave in question, By the jury, was greater than was justified by the evidence; and 2dly, that the verdict upon which the judgment was given, was various from that which the jury first returned.
As to the first of these grounds, we do not conceive it to be correct in point of fact. It is true, that the only witness who was interrogated as to the value of the slave, fixed upon her a less price than the jury found; but the witness gave a description of the slave, from which, we apprehend, the jury might fairly infer the slave to be of the value they have fixed by their verdict.
But admitting, in point of fact, that the jury had fixed a greater value upon the slave than the evidence in strictness would justify, it would, nevertheless, not furnish a cause which, per se, would he sufficient to authorise the granting of a new trial, as was decided by this court in the case of Thompson vs. Porter, 4 Bibb, 70.
The second grdimd relied on for a new trial, is not less untenable than the first.
It appears that the jury had returned a verdict for the plaintiff, in which they had neither found the value of the slave nor damages for, the detention, and that they were told by the counsel for the plaintiff that the verdict was imperfect without finding the value of the slave and some damages for the detention. The jury then retired for a short time, and again returned a verdict for’ the plaintiff, in which they found the value of the slave, and twenty (dollars in damages for the detention; and the judgment of *69 the court was, thereupon, entered accordingly. That the first verdict returned by the jury was imperfect, is evident. It was right, therefore, for the jury to correct it, and we can perceive no injustico done to the defendant in the correction they made. The value of the slave as found by the jury, as we have already stated, furnishes no ground for a new trial, and it is not suggested nor is there any ground for a suggestion, that the damages given for the detention, are greater than they ought to be.
The reporter has somestimes observed considerable difficulty in shewing the statute of 1790, referred to in this opinion, particularly in remote courts. He, therefore, subjoins the act itself.
“AN ACT to prescribe the mode in which the public acts, records, and judicial proceedings, in each state, shall be authenticated, so as to take effect in every other state y
“Be i- enacted by the senate andhmse of representatives of the United Sta es of Jtmerica in congress assembled, 1 hat the els 01 ihe legislatures of the several states sihail be authenticated by having the seals of the respective states annexed thereto. That the records and judicial proceedings of the courts of any state, shall be proved or admitted in any court in the United States, by the attestation of the clerk and seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice or presiding magistrate, as the case may be, thatThe attestation is in due form; and the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit, given to them in every court in the United States, as they have by law or usrge in the courts of the state, from whence the said records are or shall be taken.”
Talbot for appellant, Wickliffe for appellee.
Judgment affirmed with costs and damages upon, the damages.