Judge Mills
delivered the opinion of the court.
Yoder the appellee, declared against Pollard in the court below, in debt, setting forth in the usual form, that Pollard, by his writing under seal, did acknowledge that he had, before that time compromised a certain suit for the plaintiff Yoder, which he had brought for the said Yoder, as his attorney, in the Henry circuit court, and that in consideration of said compromise he had received sundry articles of property, which, he, then, by said writing, bound himself his heirs, &c. to sell, and pay to said Yoder, in the month of June, next succeeding the date of said note, (which date is set forth to be the first day of September, one thousand eight hundred and fifteen,) the sum of one hundred and seventy-five dollars. He then avers, that “the said month of 'June next succeeding the first day of September 1819 has “long since passed by.” He then proceeds in the common form, to assign the breach for the non payment of the one hundred and seventy-five dollars, or any part thereof, during the said month of June although often requested.) The court below gave an interlocutory judgment by default, and awarded a writ of enquiry, on the execution of which the jury found one cent in damages. The court then gave judgment for the $175, the debt in the declaration mentioned, with interest thereon at the rate of six per centum per annum, from the first day of June, one thousand eight hundred and sixteen, till paid with costs. The defendant now appellant, appeared, during the same term, and moved the court to set aside the judgment, on the ground that the judgment was coram non judice, in that court. The motion was overruled, and the defendant there excepted.—By this exception, it appears that for setting aside the judgment, the defendant, relied on the following grounds.—First that the writ was not executed ten exclusive days before the return day. The writ was executed on the 5th of March, 1819, and the first day of the next term, to which *265 it was returnable, the 15th of the same month, there not being ten days, unless one of the days was included. Secondly, It appeared that the Hon. Samuel M‘Kee, was the circuit judge regularly commissioned to preside in that district wherein the suit was tried; but that the Honorable Thomas Montgomery, was then sitting in M‘Kee’s place, and holding for him, and presiding over the March term of said Franklin circuit court, wherein the suit was tried, in pursuance of a letter of request to exchange counties with judge M'Kee, and while so sitting and acting, judge Montgomery rendered the judgment now in question. From this judgment the defendant Pollard appealed and now assigns for error,
If an obligor promises to pay a sum certain, tho' to be raised from a specified fund, debt, and not covenant, is the proper action. And if profert is made of the writing, and no oyer craved, the writing must be taken as set forth in the declaration.
1st, The action was misconceived; it ought to have been covenant and not debt.
2d, The writ was not executed in time to have obtained judgment at the term when it was rendered.
3d. The court erred in refusing to set aside the judgment on the grounds of want of authority in judge Montgomery, to render the judgment as stated in the bill of exceptions.
4th, The declaration is uncertain and repugnant, and that it does not appear therefrom, when the note became due or that it was due when the writ was brought.
5th, The judgment gives interest for a longer period, than under the declaration could have legally been given.
The note or writing on which the action is founded, although profert is made, is not made a part of the record, by oyer or exception, so that this court cannot notice it otherwise than as it is recited, or set out in the declaration, in considering the errors assigned.
In considering the first error the court cannot adopt the opinion, that debt cannot be suported on this note. The sum is certain and liquidated, and cannot be increased by any stipulation in the note. If Pollard had sold the property for more, be could not have been made accountable for the surplus. If he had sold it for less, he would not have an abatement. If he failed to collect all, he would have become liable in like manner at a stipulated period, for the same sum. His having recited the circumstances which gave rise to the consideration of the note on its face, did not change the remedy, which his oponent might adopt. If there was any other stipulation in the note, for the breach of which, a greater sum than one hundred and seventy-five *266 dollars, could be recovered, with its interest, there might be some foundation for the objection. But the only expression to that effect is his engagement to sell the property. This, however, cannot be considered as a true recital of the means by which he intended to raise the money. The price was fixed by the parties, and if a suit was, or could be brought, on the assignment of a bond for not selling, the damages must be the same as stipulated by the parties.
Henning’s statutes at large is rather a monument of antiquity and curiosity than authority.
As to the second error which questions the service of the writ, a sufficient length of time to warrant the judgment, the section of a statute of Virginia, passed in 1705, found in Henning’s Statutes at Large, is relied on. It is true, that that act, which establishes or regulates, the then general court of that colony, does contain a section, directing the practice then, to exclude both days, in the amount of time between the execution and return of process or notices. But this court cannot help considering that author, rather as historical than legal authority. According to the account given of many of the statutes, then published, they were in the hands of private individuals retained as monuments of antiquity and matters of curiosity, rather than as obligatory. The want of printing presses at an early day in the colony, prevented the publication and preservation of the statutes in the now usual mode. The laws were read at their courts or public meetings, and then thrown aside, and the manuscripts lost unless they were preserved by some individual, and new ones were enacted in their place. Besides, we know the limited power of the colonial legislature. Its acts were subject to the approbation and repeal of the crown. Many never received the royal signature, and others were repealed by proclamation, which was frequently not preserved. It must then be dangerous to adopt all these statutes as law, unless evidence was found or produced of their repeal or expiration at this late day. They ought rather to be considered in most instances as obsolete, and now only suited to amuse the curious lover of antiquity. Virginia herself treated most of these laws in this way, and she published a body of laws, in which she retained under the authority of the legislature, all that was deemed obligatory. In this and every subsequent revision the act in question, cannot be found. Subsequent acts, regulated the practice of the colonial general court; and are still more new and complete with a general and explicit repealing clause regulating the general court of the *267 new government, was adopted after the revolution. Under these circumstances, this court cannot consider the act relied on, in force, and will decide this case by the well known common law rule of computing time. By this rule one day ought to be included and the other excluded. This rule has been heretofore adopted by this court in computing time, under another staute, whose expressions, “thirty days "at least, before the court,” are more potent than those of the present statute directing how long a time shall be necessary by the words “ten days before the return day," between the execution and return of writs, before judgment can be taken. See Hard. 457. 3 Litt. 153. This case in principle is deemed in point. Apply that rule to the present case, and the period between the execution and return is long enough.
In the computation of time between the service & return of process, the day service is to be included, and the return day excluded, or vice versa.
It it not irregular for the circuit judges to exchange their counties—1 Marshall, Banks vs. Oden.
A declaration will not be vitiated by introducing an unnecessary averment, if it would have been good without the averment.
A note made payable during the whole of a given month, does not bear interest 'til the last day of the month. Vide 1 Mar. 67. acc.
Littell for plaintiff in error.
The third error has been considered by this court, and overruled in the case of Banks vs. Oden, 1 Marsh. 546. And the reasoning of that case is equally applicable to the present case.
The fourth error seems to be predicated on the mistaken averment in the declaration, “that the month of June “next succeeding the first day of September, 1819, has long since passed by.” The date 1819, when compared with the date of the note, is evidently mistaken, for 1816. But if this is not the case, still this averment is wholly unnecesary. The comparison of the note recited with the writ would soon shew that the day of payment was past. The declaration would have been good without the averment, and therefore ought not to be vitiated by it, unless the averment contained something destructive to the plaintiff’s action. This error must also be overruled.
As to the last error that the interest is charged for too long a period, the judgment gives interest from the first day of June, 1816, when it is evident from the note recited, that Pollard had the whole month of June to make the payment. The interest therefore could not commence until after the last day of the month. For this reason the judgment must be reversed with costs, and the cause remanded, with directions to give judgment for interest from the last day of June, 1816, till paid.