## MERRITT *v.* GATE CITY NATIONAL BANK.

1. Under an act providing that all cases brought in a designated city court should be "returnable to and triable at the term next ensuing after twenty days have elapsed from the filing," a case in that court, the declaration in which was filed on the 12th day of June, 1894, was ripe for trial at the ensuing July term, which began on the first Monday of that month. This is true although the last of the twenty days prescribed by the statute in this instance fell upon the Sabbath day.

2. A plea to an action brought by the plaintiff as "The Gate City National Bank," which alleged that "the said Gate City National Bank has been dissolved by a forfeiture of its charter, and by misuser of its franchises," was good against a general demurrer or mere motion to strike. It will be presumed as against such a demurrer or motion that the charter of the bank in question was forfeited in the manner prescribed by law.

3. The drawer of a check upon a bank is not absolved from liability thereon because of any delay in presenting the check for payment, when it does not appear that any loss resulted to the drawer from such delay, and in a suit upon such a check against the drawer a plea by him alleging the delay but silent as to loss was properly stricken on demurrer.

Argued January 7,—Decided January 21, 1897.

Action on bank check. Before Judge Berry. City court of Atlanta. March term, 1896.

*Robert L. Rodgers,* for plaintiff in error.
*S. J. Hall,* contra.

SIMMONS, Chief Justice.

1. This was an action in the city court of Atlanta, filed. June, 12, 1894, and made returnable to the July term, 1894, which began on Monday, July 2. The act of November 30, 1892, establishing new terms for that court, provides that "all cases brought in said court shall be returnable to and triable at the term next ensuing after twenty days have elapsed from the filing,  .   .   .   the purpose of this act being to require a case to be filed twenty days before the term to which it is returnable." (Acts 1892, p. 220.) A plea to the jurisdiction, on the ground that the suit was not filed twenty days before the term to which it was returnable, was stricken by the court, on demurrer; and to this the defendant excepted. The court was right in striking this plea. Counsel for the plaintiff in error relied upon that section of the code which provides that "when a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." (Code, §4, par. 8.) Here, however, there was nothing to be done on the last day; and it therefore made no difference that it fell on the Sabbath. The provision as to the time of filing suits in the city court of Atlanta is similar to that which regulates the time of filing in the superior court, the law requiring that actions in the latter court shall be filed at least twenty days before the term to which they are returnable (Civil Code, §4984); and the regular terms of the superior court begin, as do those of the city court of Atlanta, on Monday. For nearly a century the law with reference to the superior court has been the same in this respect as it is now; yet as far back as our knowledge extends, it has been the practice in that court to treat Tuesday, twenty days before the term, as the last return day for the term, thus including Sunday as the last of the twenty days. The uniform practice of the·

courts in this respect for a so long a period, if not controlling in the construction of the law, is at least entitled to great weight; and we are not disposed at this late day to question its legality, especially since a holding that the practice is wrong would result in wide-spread and incalculable harm.

2. The defendant further pleaded, that "the alleged plaintiff, the Gate City National Bank, . . has gone into dissolution and is not now in business, and was not so at the time of filing this suit, and as a dead and defunct corporation it has no right to be plaintiff in a suit. The said Gate City National Bank has been dissolved by a forfeiture of its charter, and by misuser of its franchises." The plaintiff demurred generally to this plea. The court sustained the demurrer and struck the plea, and to this the defendant excepted. We think this plea was good as against a mere general demurrer. Although the plea does not allege in what manner the charter was forfeited, it will, as against a general demurrer, be presumed that it was forfeited in the manner prescribed by law; and this being so, the action could not be maintained in the name of the corporation. The corporate right to sue, when not prolonged by statute for the purpose of winding up the affairs of the corporation, dies with the charter. There can be no suit by a dead person, whether natural or artificial. In this respect a dead corporation stands upon no better footing than a dead man. See *VanPelt* v. *Home Building & Loan Association*, 87 *Ga.* 370; 6 Thomp. Corp. §§6721, 6723, 7370.

3. The court did not err in striking the third plea of the defendant, which was that it was the fault of the plaintiff that the check sued upon was not paid, the reason why it was not paid being that the plaintiff negligently failed to present it in proper time at the bank upon which it was drawn. It does not appear from the plea that the defendant, the drawer of the check, was hurt by the delay; and it is well settled that the drawer of a check upon a bank is not absolved from liability thereon because of any delay

in presenting it for payment, when it does not appear that loss resulted to the drawer. *Daniels* v. *Kyle*, 1 *Ga.* 304, s. c. 5 *Ga.* 245; *Patton* v. *Newell*, 30 *Ga.* 274; *Comer* v. *Dufour*, 95 *Ga.* 378.

On account of the error in striking the plea dealt with in the second division of this opinion, the judgment of the court below is *Reversed. All the Justices concurring.*