8709.	MARIETTA FERTILIZER CO. *v.* BENTON *et al.*

Where the return day for filing suits in a court is the 15th of the month and a petition is filed on that day, a notice to bind for attorney's fees, served on the 5th of the same month, is served "ten days before suit is brought."

DECIDED DECEMBER 14, 1917.

Complaint; from Wheeler superior court—Judge Graham. March 5, 1917.

*Lankford & Rogers, Lankford & Moore,* for plaintiff.

BLOODWORTH, J.	Section 4252 of the Civil Code of 1910 is as follows: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." This statute as to time is complied with where the notice as to attorney's fees is served on the 5th of the month and suit is filed on the 15th of the same month, which is the return day. The general rule as to computing time in such cases is laid down in the Civil Code of 1910, § 4, par. 8, and is as follows: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." See, in this connection, *Merritt* v. *Gate City National Bank,* 100 *Ga.* 147 (27 S. E. 979, 38 L. R. A. 749); *Heard* v. *Phillips,* 101 *Ga.* 691 (31 S. E. 216, 44 L. R. A. 369). A case directly in point is that of Pollard *v.* Yoder, 9 Ky. 264. The statute under construction in that case contained the words "ten days before the return day," and the writ was executed on the 5th of March and was returnable on the 15th of the same month. It was contended that "the writ was not executed ten exclusive days before the return day." Applying the same rule as is laid down in § 4 supra, the court held that "the period between the execution and return day is long enough." Another case directly in point is Howbert *v.* Heyle, 47 Kan. 58

(27 Pac. 116), the 5th headnote of which is as follows: "Where the aforesaid petition and notice were served on April 18th, and the hearing was to be had and was had on April 28th, *held,* that the service was at least ten days prior to the time fixed for the hearing, within the meaning of the statute." From the above it will be seen that the notice as to attorney's fees was given in ample time, and the judge erred in directing a verdict against the plaintiff as to such fees.

*Judgment reversed.   Broyles, P. J., and Harwell, J., concur.*