36350. STEIN STEEL & SUPPLY COMPANY *v.* TATE.

NICHOLS, J. Stein Steel & Supply Company brought an action in the Civil Court of DeKalb County against the defendant on April 25, 1956, and the defendant was served on this same day. The original process stated that the action was returnable to the May term of the court, May 7, 1956, while the copy of process served on the defendant stated that it was returnable to the June term of such court. On May 8, 1956, the plaintiff took a default judgment against the defendant and on May 12, 1956, a fi. fa. was issued. On June 1, 1956, the defendant filed a motion requesting that the default judgment be set aside and vacated, and that the case be reinstated. The trial judge ordered the motion filed and that the plaintiff show cause on June 22, 1956, why such motion should not be granted. On June 25, 1956, the court entered an order setting aside the judgment, and on June 27, 1956, amended such order so as to cancel the fi. fa. The plaintiff excepts to the judgment of June 25, 1956, as amended by the judgment of June 27, 1956. *Held:*

518

1. Where there is a conflict between a statute and a court decision the statute must control. *Huguley* v. *Huguley*, 204 *Ga.* 692 (51 S. E. 2d 445); *Stevens* v. *Wright Const. Co.*, 92 *Ga. App.* 373, 383 (88 S. E. 2d 511). Therefore, any conflict between the decision of the Supreme Court in the case of *Merritt* v. *Gate City National Bank*, 100 *Ga.* 147 (27 S. E. 979, 38 L. R. A. 749), and the act of 1951 (Ga. L. 1951, pp. 2401, 2405), must be controlled by the statute.

2. Section 11 of the Act of 1951, supra, which has reference to the Civil Court of DeKalb County provides in part: "Each action shall be *filed* and summonses issued thereon *not less than 12 days prior to the first day of the particular term to which the same is brought* . . . provided that service effected too late for a particular term shall be good for the next succeeding term." (Emphasis ours). The phrase "12 days prior to the first day of the particular term" must mean that the action must be filed 12 days prior to the first day of the term and does not include the first day of the term as one of the 12 days. In the present case the action was filed on April 25 and the last day prior to the first day of the May term was May 6, counting only the first or the last day as required by Code § 102-102 (8), the action was not filed 12 days prior to the first day of the May term, and the default judgment rendered against the defendant at the May term was prematurely rendered. Therefore, the trial court did not err in granting the defendant's motion to set aside and vacate such default judgment.

*Judgment affirmed. Felton, C. J., concurs. Quillian, J., concurs specially.*

Decided October 3, 1956—Rehearing denied October 23, 1956.

*Joseph J. Fine*, for plaintiff in error.

*Freeman D. Mitchell*, contra.

Quillian, J., concurring specially. I concur specially for the reason that no valid service had been perfected on the defendant and the default judgment was invalid.