27146. GEORGIA INVESTMENT COMPANY v. NORMAN.

ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972— REHEARING DENIED MAY 18, 1972.

*Smith & Smith, Douglas E. Smith, Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellant.

*Palmour & Palmour, James E. Palmour,* for apppellee.

*J. William Gibson, Ronald L. Reid, J. Michael Kelly, Alston, Miller & Gaines, Bettye H. Kehrer, John L. Cromartie, Jr.,* amicus curiae.

NICHOLS, Justice. The question presented by this appeal is whether the Civil Practice Act and particularly section

23 of such Act, Ga. L. 1966, pp. 609, 632 (*Code Ann.* § 81A-123) permits class actions, where the rights of the alleged class are not derivative and are not joint rights, but are merely common in that there are common questions of law or fact involved and a common relief is sought.

The Federal Rules of Civil Procedure, from which the Georgia Civil Practice Act was patterned, expressly provided in Rule 23 (a) (3) for such actions, but the General Assembly in adopting the Georgia Civil Practice Act did not adopt subparagraph (3) and thus the section of the Act as adopted must be construed.

Section 23 (a) of the Georgia Act provides: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is:

"(1) Joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) Several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action."

While it may have been the intention of the draftsmen of such Civil Practice Act, by eliminating the 3rd proviso found in the Federal Rules, to eliminate the right to file such class actions, yet if the Act as passed by the General Assembly contains such a right, the intent of the draftsmen is immaterial to a proper construction of the Act as passed.

In the present case the rights of all alleged members of the class is not joint since each contract with the defendant is separate, and the rights are not secondary since each alleged plaintiff in the class is the owner of his own alleged right. Nor is the object of the action the adjudication of claims which do or may affect specific property involved in

the action. Accordingly, the real question is the meaning of the language permitting a class action "when the character of the right sought to be enforced for or against the class is ... common."

Decisions of the Federal courts interpreting the Federal rule are not particularly helpful in construing this language since the 3rd proviso, omitted from the Georgia statute, expressly authorized class actions where the rights were several and there were common questions of law *or* fact involved.

The character of the right sought to be enforced may be common although the facts may be different as to each member of the alleged class. The rights may be several in that each member of the alleged class is dependent upon a different factual situation to establish his right to prevail, yet they may be of a common character. To hold that a class action would not apply in a case where the right relied upon is of a common character, unless the class of action is also joint, would be to limit class actions to those situations where a permissive joinder is authorized, but a mandatory joinder is not required.

The trial court properly construed Section 23 of the Civil Practice Act as permitting the filing of the present "class action," and no reversible error is shown.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The contention is made upon motion for rehearing that the case of *Harrison v. Jones,* 226 Ga. 344 (175 SE2d 26), was overlooked by the court in rendering the opinion in this case. Such case, while a physical precedent, is in conflict with the provisions of the Civil Practice Act, dealt with in the opinion and does not refer to such statutory provisions. Where there is a conflict between a decision of this court and an Act of the General Assembly, the Act controls. See *Huguley v. Huguley,* 204 Ga. 692, 698 (51 SE2d 445); *Stevens v. Wright Contracting Co.,* 92 Ga. App. 373, 383 (88 SE2d 511); *Stein Steel & Supply Co. v. Tate,* 94 Ga. App. 517 (95 SE2d 437).

The briefs filed in support of the motion for rehearing in this case also point out that the decision could create havoc with the judicial system by flooding the courts with class actions which could clog the wheels of justice. Assuming that such statements are true, the answer lies with the General Assembly and not with the courts. The legislation as passed by the General Assembly is clear and any other construction would require judicial legislation.

*Rehearing denied.*