## 54871. HILL et al. v. GENERAL FINANCE CORPORATION OF GEORGIA et al.

DEEN, Presiding Judge.

The appellants Hill borrowed money from General Finance Corp. on October 17, 1972, giving a note with acceleration clause and personal property as security. On August 20, 1973, while the note was unpaid, they entered a voluntary bankruptcy proceeding under Chapter XIII which is still unresolved, and General Finance filed a proof of claim therein. In 1977 they filed the present action against General Finance, which is licensed under the Industrial Loan Act, and Georgia Consumer Finance Association, Inc., which is not, alleging that the loan agreement and others like it are void for usury, that the defendant Consumer Finance represents the interests of

that defendant and many other loan companies which have used the same usurious loan agreements, that plaintiffs are bringing a class action on behalf of themselves and all other customers of Georgia Finance and the other member lenders of Consumer Finance, all of whom have violated the rights of the plaintiffs or members of the class which the plaintiffs seek to represent, and they seek, for themselves and others similarly situated, judgment for all sums paid on the void loans plus punitive damages in the sum of $25,000 for each member of the class represented. The defendants answered, contesting among other things the plaintiffs' right to a class action. General Finance filed a counterclaim in the event a class action were allowed and Consumer Finance filed a motion for summary judgment. The class action prayer was denied and the summary judgment granted. The latter was appealed directly to this court. The former was initially the subject of an interlocutory appeal in the Supreme Court which gave direction that it be included in the summary judgment appeal. *Held:*

1. Code § 81A-123 (a) provides in part: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is: (1) Joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it."

The class action right sought to be enforced here is a declaration against all loan companies which are members of the Georgia Consumer Finance Association, Inc. who may have used the language which is contained in the plaintiff's loan agreement with General Finance and which the plaintiff contends renders the note void for usury, and a declaration in favor of all the persons (at present unascertained) with whom these so far undesignated loan companies have done business based on such notes, that the transactions between this class of loan companies (that is, those companies which have

made use of the language in question) and this class of defendants (persons which have borrowed money and signed notes using such language) are completely void, and that the undesignated loan companies owe the undesignated borrowers both compensatory and punitive damages, the compensatory damages in each case to be figured according to the circumstances of the particular transaction. It is stated that General Finance alone has some 40,000 customers. How many other loan companies there are represented by Consumer Finance and how many customers they have in the aggregate can only be guessed at, but under Eisen v. Carlisle & Jacquelin, 417 U. S. 156, 173, the entity seeking to represent the alleged class must mail an initial notice of the alleged class action to each member of such class. This is obviously an extravagant liability to be undertaken by a bankrupt plaintiff, and it has been held both in Eisen and in Buford v. American Finance Co., 333 FSupp. 1243, 1250, that class certification may be denied where the proposed class representative is not financially responsible for the costs it must assume in this role. It is well established that the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused. See City of New York v. International Pipe & Ceramics Corp., 410 F2d 295, 298; Wright v. Stone Container Corp., 524 F2d 1058, 1061. Although it was held in *Ga. Invest. Co. v. Norman,* 229 Ga. 160 (190 SE2d 48) that class actions are permissible where the right sought to be enforced is "common" to the members of the class, albeit neither joint, nor derivative, nor one affecting specific property, the trial court may deny certification, where granted a common right, individual questions of law or fact as between the defendant and the individual class plaintiffs would yet predominate. One of the facets of the litigation raising such individual questions is the matter of counterclaims, such as exists here on the part of General Finance against the plaintiff (see Rollins v. Sears, Roebuck & Co., 71 FRD 540, 544 and cit.), and also the individual damages which would have to be assessed in each of the myriad cases. Another is the fact that the charge of usury "is personal and no one can plead it but the borrower and his privies." *Swift v. Wellington Plaza, Inc.,*

213 Ga. 377, 380 (99 SE2d 68). It is perfectly obvious that there is no privity between the plaintiff and other persons who may have signed notes for this or some other loan company with whom the plaintiff has not dealt, even though all the notes contain the same language. See Liddell v. Litton Systems, Inc., 300 S2d 455, 457, holding that the right "to invoke the penal provisions of the usury laws is an election to be made by the individual who is given the right by the law, that is the borrower, and this right cannot be exercised by a stranger, on behalf of the borrower, irrespective of his motives." We note further that the plaintiff's bankruptcy proceedings have still not been permanently settled, so far as this record shows at least, and that General Finance Corp. filed a proof of claim in the bankruptcy court in the transaction which is the basis of this suit, so that there may well be merit in the defendant's contention that the right of action, if any, is vested in the trustee and not in the plaintiff. The bankruptcy proceedings are not before us; however, each of the other reasons above documented is in and of itself sufficient to justify the trial court in refusing certification.

2. There is no relationship between the plaintiff borrower and Consumer Finance Association, Inc. The latter is not licensed, does not do business under the Industrial Loan Act, and is simply an organization formed by organizations engaged in such business for the purpose of supporting their interests generally. It follows that in the absence of a viable class action Consumer Finance's motion for summary judgment was properly sustained. However, even if a class action under the circumstances here delineated were properly certifiable, the impropriety of including this association as a defendant is strongly and we believe correctly urged. There are occasions where an association which has been formed to protect the rights of its members may be a litigant in a class action even though it is not an individual member of the class it represents, but this situation arises where the association is on the plaintiff's side of the *versus,* and particularly in cases where, due to possible retaliation against an injured individual, or because of expense or other like reason, not all plaintiffs are able and willing to appear individually.

In Arkansas Education Assn. v. Board of Education, 446 F2d 763, a teachers' association was allowed to bring a class action on behalf of black members who had suffered from discriminatory practices. Again, in NAACP v. Alabama, 357 U. S. 449, 458, Dombrowski v. Pfister, 380 U. S. 479, and Norwalk CORE v. Norwalk Redevelopment Agency, 395 F2d 920, the association was the plaintiff on behalf of its members. Here an association is sought to be made a defendant although it has had no legal relationship either with the plaintiff or the business of lending money. In LaMar v. H. & B. Novelty & Loan Co., 489 F2d 461, 462, the court, faced with a similar problem, held: "Under proper circumstances, the plaintiff may represent all those suffering an injury similar to his own inflicted by the defendant responsibile for the plaintiff's injury, but in our view he cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." To the same effect it was held in Weiner v. Bank of King of Prussia, 358 FSupp. 684, 690, that "[i]t is a fundamental principle of law that a plaintiff must demonstrate injury to himself by the parties whom he sues before that plaintiff can successfully state a cause of action." The *Norman* case, 229 Ga. 160, supra, upon which the appellant here strongly relies, holds only that the plaintiff might bring a class action against the loan company with whom he had dealt on behalf of himself and other plaintiffs similarly situated, who had dealt in the same manner with the same loan company. It is not relevant to an action in which a company with whom the plaintiff had not dealt is sought to be made a defendant. The trial court properly granted summary judgment to the Georgia Consumer Finance Assn., Inc.

*Judgment affirmed. Birdsong, J., concurs. Webb, J., concurs in the judgment only.*

ARGUED NOVEMBER 3, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*Clein & Heimanson, Neil L. Heimanson,* for appellants.

*King & Spalding, Nolan C. Leake, Frank C. Jones, G. Lemuel Hewes, Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Richard M. Kirby,* for appellees.

WEBB, Judge.

After careful reconsideration of the opinion and appellants' arguments on motion for rehearing, I concur in the judgment only, but not in all that is stated in the opinion.