## 65522. CHEELY et al. v. STATE OF GEORGIA.

McMURRAY, Presiding Judge.

This action involves a petition seeking validation of proposed hospital revenue certificates brought by the State of Georgia through the local district attorney with reference to the operation of a proposed hospital not currently being operated. The hospital was to be renovated, expanded and equipped to reopen in order to provide for medical care and hospitalization within the county. The petition named the county and the local hospital authority as defendants in accordance with law and was based upon a notification from the hospital authority to the district attorney requesting that he commence the validation and confirmation of the proposed certificates as provided by law. The notification to the district attorney by the local hospital authority set forth its authority to issue interest bearing revenue anticipation certificates for the purpose of financing the cost of renovation, expansion and equipping the existing hospital facility allegedly owned by it and to absorb certain certificates heretofore issued and to otherwise provide certain public health and public welfare needs of the county pursuant to terms of a contract between the authority and the county. Attached to the petition were certain resolutions of the authority and a contract by and between the county and the authority and a trust indenture between the authority and Trust Company Bank, as well as the form to be used for the certificates, among other things and other incidentals with reference to the proposed validation of same.

In addition to the defendants named herein who answered the complaint setting forth the circumstances with reference to the validation proceedings, certain citizens and taxpayers moved to intervene under the authority of OCGA § 31-7-81 (formerly Code Ann. § 88-1810 (Ga. L. 1964, pp. 499, 604)) after receiving due notice by publication. These parties were allowed to intervene by order of the court setting forth in said order that they had an unconditional right to do so and were therein named defendants. These intervenors set forth the grounds of objection to the validity and binding effect of the contract upon all the citizens and taxpayers of the county, also moving to dismiss the proceedings for reasons stated. By amendment they sought to be awarded all reasonable and necessary expenses of litigation (including attorney fees) and that judgment be entered in their favor against the county for same.

After discovery and other proceedings in the case in which another judge was appointed to serve, the plaintiff State of Georgia, by and through the district attorney, dismissed its action without prejudice before verdict, attaching thereto a further resolution of the

hospital authority requesting said dismissal. That resolution contends that the resulting delay due to the intervention, and for other reasons, the authority now found it necessary to increase the amount and alter the structure of the certificates to be issued requiring a new petition and complaint to be filed subsequently.

The intervenors moved to strike this voluntary dismissal contending that their intervention resulted in a statutory class action which under the Civil Practice Act (OCGA § 9-11-23 (formerly Code Ann. § 81A-123 (Ga. L. 1966, pp. 609, 632)) could not be dismissed or compromised without the approval of the court, and notice of such dismissal was not given to all members of the class in accordance with this statute, further contending that their counterclaim for attorney fees could not be dismissed with the main action the same remaining pending for independent adjudication by the court. After a hearing the superior court held that the action had not been certified as a class action and no motion had been filed to have the action so certified, citing *Executrix of the Estate of Seamans v. True,* 247 Ga. 721 (1) (279 SE2d 447), and the intervention authorized by the court only referred to the intervenors as individual parties to the action, hence they were not allowed to intervene as representatives of a class, that is, the citizens and taxpayers of the county. Further, the voluntary dismissal filed by the plaintiff has now been consented to by the court, the same having been served upon counsel for all parties including counsel for the intervenors. The court further held that the intervenors' counterclaim for attorney fees was found to be capable of independent adjudication notwithstanding the dismissal. The motion of the intervenors to strike the voluntary dismissal was denied, and the voluntary dismissal was allowed without prejudice. The intervenors appeal. *Held:*

The sole enumeration of error is that the superior court erred in holding that the action was not a class action in consenting to the filing of the voluntary dismissal by the plaintiff without any notice "other than that already given to intervenors' counsel" and in denying their motion to strike the voluntary dismissal. Intervenors further contend that the case of *Executrix of the Estate of Seamans v. True,* 247 Ga. 721 (1), supra, is not controlling, that the Georgia law does not require certification as a class action and that the Georgia law in the case sub judice (OCGA § 31-7-81 (Code Ann. § 88-1810)) creates a statutory class action in this instance. Section 23 of the Civil Practice Act (OCGA § 9-11-23 (Code Ann. § 81A-123)) clearly defines class actions. However, while this intervention by certain citizens and taxpayers attacking the validity and binding effect of the contract (by and between the hospital authority, the county and an existing hospital) has reference to "all citizens, residents and property owners

thereof" (OCGA § 31-7-81 (Code Ann. § 88-1810), supra); nevertheless, the intervention was not characterized as an intervention by a class nor did the orders of the court make it into a class action, and we do not deem such intervention to be a statutory class action preventing the voluntary dismissal here.

Further, the superior court, in the order under review, has approved the dismissal and held that the notice to the counsel for intervenors was sufficient to meet the requirements of the law, that is, that notice be given to the members of the class "in such manner as the court directs." Accordingly, we find no abuse of discretion by the superior court, even if the plaintiff could not voluntarily dismiss the action as contended by intervenors. See in this connection *Hill v. General Fin. Corp.*, 144 Ga. App. 434, 435-436 (1) (241 SE2d 282).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 11, 1983.

*Gordon L. Dickens, Jr.*, for appellants.
*Joseph H. Briley, Roosevelt Warren, Robert W. Miller, A. Felton Jenkins, Jr., R. Preston Balt, Jr.*, for appellee.