44391. STEVENS v. THOMAS et al.
44666. BROWN REALTY ASSOCIATES, INC. et al.
v. THOMAS et al.
(361 SE2d 800)

CLARKE, Presiding Justice.

These cases arise out of a common lawsuit and we granted a motion to consolidate the appeals. The lawsuits of five separate plaintiffs, Annie Thomas, Eddie Mobley, Irene Alexander, Mary Nell Craig, and Ann C. Bryant Johnson (appellees), against the same defendants, Brown Realty Associates, Inc., Alonza C. Brown, Sr., Gladys R. Brown, and Alonza C. Brown, Jr. (hereinafter the Browns), were joined for trial in the DeKalb Superior Court. The plaintiffs asked that the suit be certified as a class action based upon an alleged number of similarly situated individuals with claims against the Browns.

The complaint, based upon fraud, violations of the Fair Business Practices Act and violations of the civil RICO statutes, alleges that the Browns have engaged in a scheme of acquiring the homes of the plaintiffs and others through "foreclosure fraud." The essence of the alleged scheme is that the Browns or their agents contact homeowners who are behind in payments and offer to make a loan to prevent fore-

closure. Homeowners think they are executing loan documents involving security deeds and in fact are executing warranty deeds and rental agreements, thereby unknowingly giving up all interest in the real estate except as tenants or tenants with an option to purchase at some later date.

A brief summary of the procedural chronology of the case may be helpful to an understanding of the issues involved. The original complaint was filed in 1984 and was followed by the filing of several other suits alleging the same acts. In February 1986, the court held hearings regarding a restraining order to prevent the Browns from obtaining coercive affidavits from potential class members. The court ruled from the bench that both the Browns and their attorney were prohibited from obtaining affidavits from potential class members and that they were further restrained from contacting them except insofar as the Browns contacted them in the normal course of business. In April, the trial court certified the case as a class action. In May, the court entered an order disqualifying Ronald Stevens as counsel for the Browns because of his part in contacting possible adverse parties and because of coercive tactics, awarding attorney fees in an amount to be set later against Stevens and the Browns, and concluding that if plaintiffs were successful, potential class members would have two years from judgment in which to "opt in" to the class. In July, the court found the Browns in contempt of the court's earlier order against obtaining affidavits. This order was affirmed in *Brown v. Thomas*, 257 Ga. 68 (354 SE2d 830) (1987). Finally, in January 1987, the court entered an order awarding plaintiffs a specific amount of attorney fees to be paid in equal amounts by the Browns and Stevens.

1. Both the Browns and Stevens appeal from the orders of May 1986, and January 1987, disqualifying Stevens and awarding attorney fees to the plaintiffs. The disqualification of Stevens because of his activities in obtaining affidavits from potential class members was based on the court's finding that he violated DR 7-104 (a) (2) of the Georgia Code of Professional Conduct, which prohibits a lawyer's giving advice to a person not his client if there is a reasonable possibility that the interest of his client might come into conflict with the interest of that person, and that he violated DR 1-102 of the ABA Model Code of Professional Responsibility, which prohibits conduct which is prejudicial to the administration of justice.

In the order of May 1986, the court ruled that Stevens be disqualified instanter and that reasonable attorney fees, in an amount to be determined at a later hearing, be assessed against Stevens and the Browns and divided equally between them. He ruled that Stevens could not appear again except to represent himself in any hearing on attorney fees and costs. A hearing was held in September on the question of attorney fees. Stevens was notified of the hearing by mail but

did not appear. In an order of January 1987, the court awarded attorney fees in the amount of $9,608 to be paid in equal amounts by Stevens and the four named defendants. The court found that the defendants had been found in contempt on April 19, 1986, and that the attorney fees were awarded for the plaintiffs' legal fees in bringing the Motion for Citation of Contempt which resulted in the order of April 1986. No order of April 19, 1986, appears in the record. The reference must have been to the order of May 2, 1986, which does not refer to contempt but, rather, to a violation of disciplinary rules.

Appellants argue that since the class had not been certified at the time of the activities of Stevens in obtaining the affidavits, the potential members were not deemed to be represented by plaintiffs' counsel. Further, argue appellants, Stevens held a good faith belief that the affidavits would be helpful to the court in deciding whether to certify the action as a class action. Stevens contends that the only possible basis for the award of attorney fees against him would be the court's power to punish contempt under OCGA § 15-1-4 (a) (1) and (2) and insists that he was not in contempt of any court order. Finally, he complains that he was not afforded due process of law by the trial court in that he was not notified of the hearing which resulted in the award.

We find that the Browns' and Stevens' appeals from Stevens' disqualification are not timely. The disqualification was the sanction imposed by the court because of the violations of the disciplinary rules found by the court. The disqualification was to take place instanter and was thus immediately appealable. The fact that the amount of attorney fees was not set until a later date does not affect the status of the disqualification as a final, appealable order. We also find that Stevens' argument that he was denied due process is without merit in that the court order specifically indicates that he was notified by mail of the hearing in September on the amount of the attorney fees. The fact that he had been disqualified from representing the defendants does not bolster his argument that he did not receive proper notice. Since the order of disqualification reserved to him the right to represent himself at the hearing on attorney fees, he remained counsel of record for this event for purposes of notice.

The Browns also contend that the award of attorney fees and the sanction of allowing potential class members to opt into any successful judgment for two years were error. Their argument is based on the fact that the court found Stevens disqualified because of his violation of disciplinary rules. The Browns argue that since they are non-lawyers, the disciplinary rules do not apply to them. Since in the written order of May 1986, there is no mention of contempt, the Browns insist that there is no basis for an award of attorney fees against them even if attorney fees could be awarded against Stevens due to viola-

tion of disciplinary rules.

We find that the court lacked authority to impose sanctions upon the Browns or Stevens based upon a violation of the disciplinary rules. The Browns are not subject to attorney discipline. The discipline of attorneys is solely within the province of the Supreme Court of Georgia. *Carpenter v. State*, 250 Ga. 177 (297 SE2d 16) (1982). The only exception to this court's exclusive jurisdiction over attorney discipline is the power of the trial court to disbar an attorney pursuant to Standard 66 of the Rules and Regulations of the State Bar of Georgia. Therefore, we remand to the trial court the question of sanctions for a determination whether the sanctions were imposed upon Stevens and the Browns as a penalty for contempt or as a penalty for violations of the disciplinary rules.

2. The Browns appeal from the order of the trial court certifying the action as a class action. Ordinarily, this order would be appealable only if an application for interlocutory review were granted after the trial court certified the matter for immediate review. OCGA § 5-6-34 (b). In this case the matter was not certified by the trial court and there was no application for interlocutory appeal. However, under our holding in *Klem v. Southeast Ceramics, Inc.*, 246 Ga. 294 (271 SE2d 199) (1980), we consider the question along with other issues appealed.

The Browns contend that the trial court misconstrued this court's opinion in *Ga. Investment Co. v. Norman*, 229 Ga. 160 (190 SE2d 48) (1972), that an action based upon allegations of fraud is not appropriate for treatment as a class action, and that in this case individual questions predominate over common questions of law and fact. In *Ga. Investment Co. v. Norman*, supra, we found that although the Civil Practice Act, Code Ann. § 81A-123 (present OCGA § 9-11-23) does not expressly provide for class actions where the right sought to be enforced is merely common to members of the class rather than joint or derivative, the section should be construed to provide for such an interpretation. "While it may have been the intention of the draftsmen of such Civil Practice Act, by eliminating the 3rd proviso found in the Federal Rules, to eliminate the right to file such class actions, yet if the Act as passed by the General Assembly contains such a right, the intent of the draftsmen is immaterial to a proper construction of the Act as passed." Id. at 161.

The Browns insist that the trial court in certifying the class here misconstrued this court's opinion in *Ga. Investment Co. v. Norman*, supra. The Browns specifically contend that each individual contract between the Browns and the potential class members is so different and the relief sought so varied that treatment as a class action is not appropriate. Further, the fact that the action is based on allegations of fraud and misrepresentation and violations of the state RICO stat-

ute through fraudulent inducement makes this action inappropriate for treatment as a class action.

In *Ford Motor Co. v. London*, 175 Ga. App. 33 (332 SE2d 345) (1985), the court, considering the factors which make class action appropriate, found that the threshold issue is numerosity of the potential class. See OCGA § 9-11-23 (a). Here, the trial court found that the potential class could number over 100 members. A class consisting of as few as 25 persons has been found to be sufficiently numerous to maintain a class action. *Sta-Power Indus., Inc. v. Avant*, 134 Ga. App. 952 (216 SE2d 897) (1975). Next, the ability of the plaintiff to represent the class must be considered. The important aspects of adequate representation are whether the plaintiffs' counsel is experienced and competent and whether plaintiffs' interests are antagonistic to those of the class. *Bohannan v. Allstate Ins. Co.*, CV484-362 (S.D. Ga. Feb. 14, 1986). Considering these factors, the trial court in this case found that the plaintiff could adequately represent the class. In a *Norman* type class, the next question to be answered is whether common issues of law and fact predominate over individual questions of law and fact.

The Browns insist that where the basis of the various claims is fraud, individual detrimental reliance must be proven, and the matter is never appropriate for class action treatment. This is so, they argue, even where a claim is presented under Georgia's RICO statute since the predicate act to the RICO claim here is theft by deception, which must be proven in each individual case.

Appellees contend that the basic facts upon which they rely in support of their RICO claim based on the predicate act of theft by deception are: 1) an enterprise engaged in by appellants; 2) representations by appellants to plaintiffs/appellees; 3) appellants' acquisition of appellees' property as a result of these representations. Appellees insist that since the evidence which they will develop will demonstrate a pattern of activity on the part of the Browns, there will be no need to prove *individual* acts of theft by deception by showing individual representations to plaintiffs. Further, they argue, if plaintiffs can show that class members remained in their houses following the alleged transfer of title to the Browns, this would lead to a presumption of fraud under *Haynes v. Blackwell*, 232 Ga. 430 (207 SE2d 66) (1974) and *Perimeter Development Corp. v. Haynes*, 234 Ga. 437 (216 SE2d 581) (1975).

The cases relied upon by the trial court in finding that a scheme alleged to be fraudulent is particularly suited to class action treatment are *Dolgow v. Anderson*, 43 F.R.D. 472 (E.D.N.Y.) (1968), and *Harris v. Palm Springs Alpine Estates*, 329 F2d 909 (9th Cir. 1964). Both involved claims of violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 with allegations of a concerted

action against investors. In *Harris,* supra, the scheme involved printed misrepresentations in brochures, prospectuses, and other forms of advertisement. In *Dolgow,* supra, the scheme alleged was an insider trading scheme involving manipulation of stock prices through misleading of investors. These actions were not based on the oral misrepresentations which are the basis of the action here. If fraud based upon oral misrepresentations, as opposed to written misrepresentations, is the gravamen of the complaint, the matter is not appropriate for class action treatment. See *Simon v. Merrill Lynch, Pierce, Fenner & Smith,* 482 F2d 880 (5th Cir. 1973); *Bohannon v. Allstate Ins. Co.,* supra. This is so because of the necessity for individual proof of detrimental reliance. In *Bohannon v. Allstate Ins. Co.,* supra, the court found that the necessity for individual proof existed in actions under Georgia's RICO statute in which the predicate act was theft by deception, as well as in actions sounding in tort for fraud. We note that individual trials in cases of alleged oral misrepresentation is consistent with our decisions which hold that usury must be proven on a case by case basis, *Hill v. General Finance Corp.,* 144 Ga. App. 434 (241 SE2d 282) (1977), and the provision of OCGA § 7-3-29 (e) that violations of the Georgia Industrial Loan Act must be asserted in individual actions.

Although cognizant of the benefits of judicial economy and although reluctant to increase the burdens upon the plaintiff who seeks to litigate an action based upon an allegation of a fraudulent scheme, we find that the action here does not have the commonality of law and fact which would make it an appropriate case for class action treatment under our holding in *Ga. Investment Co. v. Norman,* supra. Accordingly, we reverse the trial court's certification of this matter as a class action.

*Judgment in Case No. 44391 remanded for further action by the trial court in accordance with this opinion. Judgment in Case No. 44666 reversed and remanded. All the Justices concur. Weltner, J., disqualified.*

DECIDED NOVEMBER 4, 1987 —
RECONSIDERATION DENIED DECEMBER 1, 1987.

*Bailey, Stevens & Gerson, Ervin H. Gerson,* for Stevens.

*Sakas & Horne, Jeffrey L. Sakas, Harold A. Horne, Jr.,* for Thomas et al.

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for Brown Realty et al.