## 33776. DEKALB COUNTY v. EVERHART et al.

HALL, Justice.

Appellee Everhart sued the developers and builders of Springtree subdivision and DeKalb County for damages and an injunction against continuation of a nuisance. Appellant alleged that surface water run-off from the subdivision and its streets, which were maintained by DeKalb County, had been channeled into her lake thus creating a nuisance.

The parties reached a purported settlement when the case came on for trial. The settlement provided that the developer and builder would pay $6,500 to Everhart, that appellant DeKalb County would pay $500 to Everhart, and that DeKalb County would repair and maintain appellee's lake "in perpetuity" or until the development of a drainage system for the area. The attorneys for all the parties signed the consent judgment except that the attorney for DeKalb County signed the decree under the typewritten line "Consented to on behalf of DeKalb County as to damages only." Another line, with the notation "For DeKalb County," was left blank. The Superior Court of DeKalb County entered the entire settlement as the final judgment. DeKalb County has appealed that portion of the judgment which would

require the appellant to repair and maintain appellee's lake.

When the parties to litigation have entered into a definite, certain and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation. *Skinner v. Smith,* 120 Ga. App. 35 (169 SE2d 365)(1969); *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724) (1947). In this case, however, the record does not support appellee's contention that a "definite, certain and unambiguous" settlement had been reached. The attorney for DeKalb County signed the agreement under a limitation, "Consented to on behalf of DeKalb County as to damages only." Faced with this limitation, it was error for the trial court to enter as final that portion of the judgment that recited DeKalb County's obligation to repair and maintain the lake.

*Judgment reversed. All the Justices concur.*

Submitted July 11, 1978 — Decided September 7, 1978.

*James H. Weeks,* for appellant.
*Herbert O. Edwards, James O. Wilson, Van Gerpen & Bovis, John M. Bovis,* for appellees.