## 76548. HOME OWNERS WARRANTY CORPORATION v. PINEWOOD BUILDERS, INC.
(373 SE2d 34)

BIRDSONG, Chief Judge.

Appellant Home Owners Warranty Corporation, the plaintiff below, brings this appeal from the trial court's dismissal, with prejudice, of its complaint following a failure of counsel to appear at the call of the case for trial.

Home Owners filed this complaint against Pinewood Builders, following a disagreement regarding an alleged failure of Pinewood to comply with its contract with Home Owners. Appellee failed to file a timely answer, but filed within the statutory period to open default as a matter of right. The record shows the Clerk of the State Court of DeKalb County sent a Notice of Trial to both parties that this action was set for trial on October 7, 1987. On September 29, 1987, appellee filed a demand for jury trial, and on November 12, 1987, the Clerk of the State Court sent notices to both parties that: "You are required to appear at 9:30 a.m. on the 14th day of December, 1987, in Room 600, 6th Floor, DeKalb County Courthouse." The next record entry shows

an order, dated December 14, 1987, that "[t]he above-styled civil action having come on the regularly scheduled jury trial calendar and with the Defendant announcing ready for trial and with no response being made on behalf of the Plaintiff, it is HEREBY ORDERED that this case be dismissed with prejudice for a lack of prosecution." Appellant brings this appeal from that order. *Held:*

1. Appellant argues that the trial court "apparently" invoked "the old three minute rule" which was repealed by the Uniform State Court Rules, and the trial court's "dismissal for want of prosecution is illegal. . . ." Appellant is correct that the adoption of the Uniform Superior (253 Ga. 801) and State (253 Ga. 887) Court Rules repealed the "three minute rule." *Jones v. Jones*, 256 Ga. 185 (345 SE2d 605). The Uniform State Court Rules are the same as the Uniform Superior Court Rules, except as noted. 253 Ga. 887. Rule 8.4 of the Uniform Superior Court Rules, which applies to the State Court, directs "counsel in the first 5 actions on the published trial calendar shall appear ready for trial on the date specified *unless otherwise directed by the assigned judge.*" (Emphasis supplied.) 253 Ga. 822. The notice for trial in the instant case was an individual notice to both parties to appear "at 9:30 a.m. on the 14th day of December, 1987, in Room 600, 6th Floor, DeKalb County Courthouse" for trial of this specific action. Such "notice" can only be interpreted to mean that the styled action has been assigned to a designated judge, and will be heard in his designated courtroom, on the specified day and at the specified hour. Although the notice was signed by the clerk, a clerk would not be authorized to assign cases to a particular judge, to be tried on a specified date and hour, without prior authorization from a judge. Such routine, administrative notice is from the court, and is in substantial compliance with Rule 8.4. Hence, this was not the typical calendar list, but was an individual notice to a specific party who was "otherwise directed by the assigned judge" to appear for trial at that time and place. Rule 14 (253 Ga. at 825-826) of the Uniform Superior Court Rules, which applies to the State Court, provides in part: "On its own motion or upon motion of the opposite party, *the court may dismiss without prejudice any civil action,* or where appropriate, any pleading filed on behalf of any party *upon the failure to properly respond to the call of the action for trial* or other proceeding." (Emphasis supplied.) Here, the appellant failed to properly respond to the call of the action for trial and dismissal, without prejudice, was authorized.

2. Appellant contends that even if dismissal was authorized, the trial court's dismissal "with prejudice" was "illegal." We agree. An analogy is the trial court's authority to impose sanctions for counsel's abuse of discovery procedures. See OCGA § 9-11-37. Dismissal "with prejudice" for abuse of discovery is an extremely harsh sanction.

*Swindell v. Swindell,* 233 Ga. 854, 856 (213 SE2d 697). The court has held that "the 'drastic sanctions of dismissal and default cannot be invoked . . . except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order.' [Cits.]" *Hiney v. Bennaman,* 177 Ga. App. 753, 755 (341 SE2d 284); accord *Smith v. Nat. Bank of Ga.,* 182 Ga. App. 55, 57 (354 SE2d 678); *Brunswick Mfg. Co. v. Sizemore,* 176 Ga. App. 838, 839 (338 SE2d 288).

The Uniform Superior Court Rules, Rule 14, authorized only dismissal "without prejudice" — "upon the failure to properly respond to the call of the action for trial. . . ." This was what happened in the instant case. There is no evidence of a wilful failure to respond to the call of the case, or any indicia of conscious indifference, or bad faith. Hence, we find the extreme sanction of dismissal "with prejudice" was unauthorized.

*Judgment affirmed in part and reversed in part. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur in Division 2 but concur in Division 1 upon a different basis than is set forth therein.

USCR 8.4 separates the published trial calendar cases into two categories, insofar as readiness and appearance for trial are concerned. The first sentence relates to the first 5 cases, regarding which parties and counsel must appear (and be ready) on the published date unless the assigned judge directs otherwise. Plaintiff's case was 25th on the published calendar so was not in this category. Moreover, the mailed notice was from the court clerk and not from the assigned judge. It was sent when the calendar was published and operated as a personalized back-up of the published calendar but is not required by the rule.

The second sentence relates to cases other than the first 5 and so applies to plaintiff's case. The parties and counsel in them are to be present and ready also, unless either of the arrangements described in subsections (A) and (B) are made by counsel with the calendar clerk. (The statement in *Fulton v. State of Ga.,* 183 Ga. App. 570, 572 (359 SE2d 726) (1987) that the rule "requires the presence only of the first five cases on the published calendar" is misleading if taken out of context.)

There is no indication in the record that either of the two alternatives to ready appearance was followed. Consequently, plaintiff and its counsel were obliged to appear. Being ready but absent without leave was insufficient, and dismissal pursuant to USCR 14 was authorized.

DECIDED SEPTEMBER 8, 1988.

*Whitner K. Livingston*, for appellant.
*G. Phillip Bramlett, W. Alan Jordan*, for appellee.