A89A2105. FORD MOTOR CREDIT COMPANY v. WILLIAMS.
(390 SE2d 640)

SOGNIER, Judge.

Ford Motor Credit Company (FMCC) brought an action against Carla Patrice Williams seeking to recover a deficiency balance outstanding after repossession and resale of an automobile purchased by Williams and financed by FMCC, and Williams counterclaimed. The trial court entered a consent order memorializing a settlement agreement between the parties, but the court subsequently notified the parties that the order was not dispositive of the litigation and set the case for trial. After FMCC failed to appear at the pretrial conference, the court dismissed the action pursuant to USCR 14. FMCC appeals.

The consent order agreed to by the parties and entered by the trial court provided that appellee would dismiss her counterclaim and would pay $2,000 to appellant in monthly installments of $50. The order further provided that if appellee defaulted on the payment of any installment and did not cure within ten days, appellant would "be entitled to take judgment against [appellee], without any additional notice, for the full amount sued for, less any payments made." The court entered the order, but then notified the parties that the order did not finally dispose of the litigation and thus the court must proceed with trial of the case as required by USCR 8.1. Appellant objected to this conclusion, and argued in a letter and brief that the consent order was a final order. By letter, the court thereafter informed counsel that in the court's opinion the consent order left the case open, and accordingly the case was scheduled for trial in two weeks. The court did suggest to counsel that as an alternative to trial, they could submit "a final judgment for the amount due and work out between [them]selves a stay of execution of the judgment conditioned upon the payment outlined in the [consent] order" so that the case would not remain "open for an additional two to three years." The court dismissed the action two weeks later pursuant to USCR 14 because of appellant's absence from the pretrial conference without legal excuse.

1. In five enumerations of error appellant contends the trial court's characterization of the consent order as not dispositive of the

action was improper because by its terms the order did resolve the case, and trial courts are required to accept settlements agreed to by the parties. While we agree with appellant that when parties to litigation have entered into a valid settlement agreement, the agreement must be accepted and entered by the trial court, *DeKalb County v. Everhart*, 242 Ga. 104, 105 (249 SE2d 571) (1978), that principle of law is not determinative of the case at bar because here the trial court *did* accept the settlement agreement. Compare *Kapiloff v. Askin Stores*, 202 Ga. 292 (42 SE2d 724) (1947). However, the court correctly concluded that the consent order presented by the parties was not a final judgment, as it did not provide either that the action was dismissed or that appellant received judgment but stayed execution pending compliance with the settlement agreement, and thus the case was not at an end. Consequently, the trial judge properly discharged his duty under USCR 8.1 to ensure that cases did not "languish" and to provide for the "orderly movement and disposition of all matters assigned to him" in proceeding with the disposition of the case by scheduling a pretrial conference and setting the case for trial. A trial court has broad discretion in regulating and prescribing the manner in which the business of the court will be conducted, see *Scocca v. Wilt*, 243 Ga. 2, 3 (252 SE2d 401) (1979), and we find no abuse of that discretion in the trial court's actions here.

2. Appellant's contention that the trial court erred by dismissing the action pursuant to USCR 14 is similarly without merit. Because we hold that the trial court's scheduling of pretrial proceedings was proper, we find no error in the court's dismissal of the action without prejudice pursuant to USCR 14 for appellant's failure to appear for the pretrial conference without legal excuse. See *Home Owners Warranty Corp. v. Pinewood Bldrs.*, 188 Ga. App. 324, 325 (1) (373 SE2d 34) (1988). We note that the record does not support appellant's contention that the court previously had agreed to enter a dismissal only for the purpose of permitting an appeal on the issue of the finality of the consent order.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 5, 1990.

*Daniel F. Bridgers, Henry R. Stringfellow*, for appellant.
*Brown, Phillips & Scoccimaro, Jimmie H. Brown*, for appellee.