**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 2, 2017**

# In the Court of Appeals of Georgia

A17A0253. OLMSTEAD HOMEOWNERS ASSOCIATION, INC.
v. WASHINGTON.

MCFADDEN, Presiding Judge.

Olmstead Homeowners Association, Inc. ("the Association") appeals from the trial court's final order and judgment in the Association's action against Reginald Washington. The terms of that order and judgment conflict with the terms of a settlement agreement reached by the parties in mediation. The trial court, however, did not acknowledge the parties' agreement in her order. As a result, we cannot determine whether she affirmatively declined to enforce that agreement, or whether she had a legal basis for entering an order that did not incorporate its terms. We therefore vacate the trial court's judgment and remand the case for further

proceedings in the trial court. Given this disposition, we do not address the Association's other challenges to the order.

This case concerns the Association's claims that Washington is liable to it for unpaid assessments on real property. In its action, the Association sought to collect unpaid assessments, to foreclose upon a statutory lien on the property, and to recover attorney fees. When the parties appeared for a calendar call on July 11, 2016, the trial court gave them the opportunity to mediate their dispute. That mediation resulted in a written agreement stating that Washington agreed to pay a money judgment of $18,342.75; that he would immediately pay a portion of that amount to the Association; that by August 11, 2016 he would present to the Association's board a mutually-satisfactory plan for paying the balance of that amount; and that if the parties had not agreed on a payment plan by that date, the Association would be free to pursue all lawful means to collect the debt, including foreclosure.

The Association states in its appellate brief that the parties then presented this agreement to the trial court for entry of a consent judgment. (Because Washington has not filed an appellate brief controverting this statement of fact, and the record is silent on this point, we accept this statement of fact as true. See Ct. App. R. 25 (b) (1).) The trial court, however, entered a final order and judgment with terms that differed from

those of the parties' agreement. In that order, the trial court entered a judgment of $12,041 against Washington; required Washington to pay the Association $350 per month beginning September 1, 2016; and provided that, if Washington was in default for three consecutive months, the Association could execute a judgment for the total amount owed. In the order, the trial court stated that the parties had mediated their dispute but did not acknowledge that the parties had reached a settlement agreement. Instead, she treated the Association's entitlement to attorney fees as an unresolved item requiring determination by the trial court.

"[T]rial courts are required to accept settlements agreed to by the parties." *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405, 406 (1) (390 SE2d 640) (1990). "When the parties to litigation have entered into a definite, certain and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation." *DeKalb v. Everhard*, 242 Ga. 104, 105 (249 SE2d 571) (1978) (citations omitted). Because the trial court made no mention of the parties' settlement agreement in her final order and judgment, we cannot discern whether she impermissibly modified its terms instead of enforcing it as written, see *Allen v. Sea Garden Seafood*, 290 Ga. 715, 717-718 (2) (724 SE2d

3

669) (2012) (trial court erred by entering order that modified terms of parties' settlement agreement), or whether she found the agreement to be unenforceable.

Accordingly, we vacate the judgment and remand the case to the trial court for proceedings not inconsistent with this opinion. "We leave it to the trial court to determine on remand whether the parties' . . . agreement is sufficiently definite, certain, and unambiguous as to all material terms to be itself enforced as the parties' final settlement." *Allen*, supra, 290 Ga. at 718 (citations omitted).

*Judgment vacated and case remanded. Branch and Bethel, JJ., concur.*